## HALL v. WARDEN OF MARYLAND HOUSE OF CORRECTION

[P. C. No. 70, September Term, 1959.]

*Decided February 24, 1960.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-
COTT and HORNEY, JJ.

HENDERSON, J., delivered the opinion of the Court.

Applicant for leave to appeal from the denial of post con-
viction relief contends that the State knowingly used perjured
testimony to obtain his conviction. It appears that he was
tried and convicted of robbery before Judge Fletcher and a
jury on November 13, 1957, and sentenced to five years. He
was represented by counsel. He did not appeal, but applied
for post conviction relief on June 26, 1959. Judge Marbury
appointed counsel and the matter came on for hearing on
September 1, 1959.

Applicant alleges that the prosecuting witness, Hoyle, testi-
fied at the trial of the robbery case that he identified Hall by
a scar on his right cheek, then plainly visible, and that he had
previously identified Hall as the robber, because of a scar
he observed at the time of a line-up shortly after Hall's arrest.
In argument to the jury, the State's Attorney relied on this
testimony as the sole basis for his identification. Officer
Siddall, who was in court at the trial, had made the arrest,
and taken several photographs of the accused, which showed
no scar, had closely examined the accused for scars because
of information that the robber had one, and well knew that
the testimony of the prosecuting witness, as to the fact that
Hall had a scar at the time of the line-up, was false. Appli-
cant offered to prove by these photographs and other wit-
nesses that he had no scar when in police custody and that he
received it in a fight with his wife after he had been released
from custody on bail, prior to the trial.

Counsel for the applicant produced the photographs and
exhibited them to the court, but apparently neither the ap-
plicant nor his wife testified at the post conviction hearing,
although the record shows that a writ of *habeas corpus ad
testificandum* had been issued for him. The testimony taken
at the original trial was not transcribed or produced, although
this was requested by counsel. Hence there was nothing to
show whether counsel for the defense knew of the photo-
graphs, or made any effort to call the wife or other witnesses

to contradict the prosecuting witness in the original trial. The court below did not make any findings as to whether the pictures showed a scar, whether it was the identifying feature relied on by the prosecuting witness, or whether the officer or the State's Attorney knew that the testimony of the prosecuting witness, as to the presence of the scar at the time of the line-up, was false or in error. The court took the position that the evidence and testimony proffered was not newly discovered and could have been produced at the trial, and that his failure to produce it precluded relief under the Post Conviction Procedure Act.

We do not agree. We think the allegations and proffers are sufficient to make out a *prima facie* case of a violation of procedural due process under the Supreme Court cases and under Code (1959 Supp.), Art. 27, sec. 645A. See *Napue v. Illinois,* 360 U. S. 264, 269, and *Alcorta v. Texas,* 355 U. S. 28. The cases establish that the constitutional concept of fairness demands that State officials not only refrain from producing testimony known to be false, but that they correct statements known to be false, even if unsolicited. We do not exclude, however, the possibility that the allegations of the applicant may be untrue or may be rebutted, that the presence of the scar was not a material factor in the identification, or that the point now pressed was knowingly waived or adjudicated in the course of the trial or some proceeding prior to this application. We think, however, that the present record is inadequate for a decision of the constitutional question presented, and that the case should be remanded for further proceedings and findings on the point.

> *Application for leave to appeal granted, and case remanded for further proceedings consistent with the views here expressed.*