## WALLACE *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 2, September Term, 1961.]

*Decided October 24, 1961.*

Before BRUNE, C.J., and HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

.PER CURIAM.

The applicant filed application for relief under the Post

Conviction Procedure Act seeking to set aside his convictions on pleas of guilty to charges of robbery with a deadly weapon and of carrying a deadly weapon, for which he was sentenced to terms of twenty years and two years, respectively, the latter to run concurrently with the former.

His application presents claims: (i) that the trial judge "did not advise [him] of [his] rights to a fair and impartial trial under the Due Process of Law Clauses and Equal Protection of the Law Clauses of Both the Federal and State Constitutions;" (ii) that his court appointed attorney did not defend him properly; and (iii) that he learned later that the gun was harmless and, therefore, it was not a deadly weapon, and he should have been found guilty of robbery, which carries a penalty of ten years. He sought a reduction in his sentence from twenty years to ten years. After a hearing at which both the applicant and the State were represented by counsel (counsel for the applicant having been appointed for him as an indigent), Judge Tucker denied the application in a fifteen page opinion and order, which sets forth adequate grounds for his action.

We find no merit in the applicant's first contention with regard to failing to advise him of his rights. See *Snead v. Warden,* 215 Md. 595, 135 A. 2d 630 (generally); *Tillett v. Warden,* 220 Md. 677, 154 A. 2d 808 (effect of plea of guilty); *Dorris v. Warden,* 222 Md. 586, 158 A. 2d 105 (right to seek a new trial or to appeal).

We also find no merit in the second contention. As Judge Tucker points out, experienced counsel was appointed to represent the applicant in the original proceedings, he entered pleas of guilty for the appellant in his presence on one count of each of two indictments, and the applicant made no objection. *Parker v. Warden,* 216 Md. 632, 139 A. 2d 728; *Savoy v. Warden,* 216 Md. 616, 139 A. 2d 257, cert. den. 356 U. S. 963; *Spencer v. Warden,* 222 Md. 582, 158 A. 2d 317.

The applicant's third contention is equally untenable. Guilt or innocence cannot be retried in post conviction proceedings. *State v. D'Onofrio,* 221 Md. 20, 155 A. 2d 643. Even if such a contention could properly be considered in these proceedings, it would be without force, since an unloaded pistol

has been held to constitute at least a dangerous weapon, which is one of the terms used in both Secs. 36 and 488 of Art. 27 of the Code (1957). *Hayes v. State,* 211 Md. 111, 126 A. 2d 576. A sentence of twenty years is authorized under the latter section for robbery with a dangerous or deadly weapon.

The applicant seeks to raise a new contention in this Court —a claim of "double jeopardy." No factual basis for it is either stated or apparent; but since this ground was not included in the proceedings in the trial court, it is not properly before this Court. *Preston v. Warden,* 225 Md. 628, 169 A. 2d 407, cert. den. 366 U. S. 974 (to cite only one of many cases). We see no need for appointing counsel to represent the applicant on this application.

*Application denied.*