## RALPH *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 24, September Term, 1962.]

*Decided November 13, 1962.*

Before the full Court.

MARBURY, J., delivered the opinion of the Court.

The applicant was tried before a three judge court, without a jury, and convicted on January 18, 1961, in the Circuit Court for Montgomery County, on a charge of rape and sentenced to death. He appealed to this Court and the judgment was unanimously affirmed. *Ralph v. State,* 226 Md. 480, 174 A. 2d 163. The Supreme Court denied certiorari. *Ralph v. Maryland,* 369 U. S. 813, 82 S. Ct. 689, 7 L. Ed. 2d 613. On that appeal applicant contended that the extra-judicial confession admitted in evidence over his objection was not his free and voluntary act (1) because he had been questioned over a long period of time (eight and a half hours), (2) because the confession was procured as the result of an inducement (an officer told him "it would be better if you told the truth"), and

(3) because it had been obtained as the result of physical violence on the part of the police (as testified to by the applicant, without corroboration, but denied by the police). This Court considered and rejected all these contentions. Applicant then petitioned the United States District Court for the District of Maryland for a writ of habeas corpus, basing his petition on five contentions, substantially those relied on in this application for leave to appeal, *infra*, predicated upon alleged violations of his constitutional rights. That court ordered a stay of execution for twenty days so that the applicant could file a proceeding under "Md. Code, Art. 27, sec. 645A-645J," and if such should be filed, a continued stay of execution until further order of that court. *Ralph v. Pepersack*, 203 F. Supp. 752. The stay was granted upon the answer to the petition by the Attorney General of Maryland to the effect that the applicant had not exhausted his State remedies. The applicant then filed a petition for relief under Code (1962 Cum. Supp.), Article 27, § 645A *et seq.*, Post Conviction Procedure Act, in the Circuit Court for Montgomery County. Judge Shook, of that court, granted the State's motion to dismiss the petition, saying that applicant's petition did not show any reasons for granting relief which had not been previously litigated or waived in prior proceedings, and that it appeared from the record that no constitutional right had been violated as alleged. In his application to this Court for leave to appeal from the order dismissing his petition he makes five contentions:

(a and b) That his constitutional rights were violated under the due process clauses of the Fifth and Fourteenth Amendments, under Articles 22, 23 and 26 of the Declaration of Rights of Maryland, and under Code (1957), Article 35, § 5, because his confession resulted from improper conduct by and a working arrangement between the police officers of the District of Columbia and Maryland.

(c) That his constitutional rights were violated under the same constitutional and statutory provisions, and under the Fourth Amendment of the Constitution of the United States, in that evidence produced against him was the result of an unlawful arrest, and search and seizure.

(d) Perjured testimony of police officers and illegal search

and seizure under the constitutional and statutory provisions alleged in (c) in that police officers testified that certain clothing was removed from his automobile which he denied, but which he claims was obtained from his home through an unlawful search and seizure.

(e) That the confession was extracted from him in violation of the constitutional and statutory provisions as mentioned in (c), the Sixth Amendment of the Constitution of the United States, and Rule 5 (a) of the Federal Rules of Criminal Procedure requiring that a person arrested by a federal officer must be arraigned without unreasonable or unnecessary delay. Under this rule a person cannot be held for an unreasonable time in order to extract a confession when he could have been arraigned at an earlier time. *Mallory v. United States,* 354 U. S. 449, 77 S. Ct. 1356, 1 L. Ed. 2d 1479.

Contentions (a) and (b) are basically the same and were finally litigated in his appeal to this Court. They cannot again be raised in a P. C. P. A. proceeding. *Hall v. Warden,* 224 Md. 662, 168 A. 2d 373, *cert. den.* 368 U. S. 867, 82 S. Ct. 78, 7 L. Ed. 2d 65; *Mears v. Warden,* 220 Md. 682, 155 A. 2d 72; *Banks v. Warden,* 220 Md. 652, 151 A. 2d 897.

Contention (c), with reference to alleged illegal arrest, search and seizure, not having been raised in the trial court nor on appeal to this Court, cannot be raised in this proceeding. *Strosnider v. Warden,* 228 Md. 663, 180 A. 2d 854; *Byrd v. Warden,* 222 Md. 577, 158 A. 2d 120.

Contention (d) also is an allegation of illegal search and seizure, and, in addition, appears to allege perjury on the part of police officers. The alleged perjury was obviously known to the accused at the time of trial, but he raised no objection in the trial court or on appeal to this Court. The claim was therefore waived.

Applicant's contention (e), as to violation of the Federal Rules of Criminal Procedure, is without merit because those rules are not applicable to a prosecution under the laws of this State. Moreover, the point not having been raised below cannot be raised here for the first time. *Strosnider v. Warden, supra; Byrd v. Warden, supra.*

The applicant also filed a supplemental affidavit alleging that

his petition in the lower court represents matter different from that which was presented on his original appeal, because neither he nor his counsel had knowledge of the legal theory presented in this petition, in that the applicable law as to search and seizure has changed subsequent to his conviction, and he did not knowingly waive his constitutional rights, or his rights under this proceeding.

Even on a direct appeal we have held that failure to object to evidence bars a consideration of the point by this Court. *Shorey v. State,* 227 Md. 385, 177 A. 2d 245. In that case we considered the decision of the Supreme Court in *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, and pointed out that the majority opinion recognized that State procedural requirements may still be respected.

*Application denied.*