## DUCKETT *v.* WARDEN OF THE MARYLAND HOUSE OF CORRECTION

[App. No. 26, September Term, 1962.]

*Decided November 15, 1962.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, PRES-COTT, HORNEY, MARBURY and SYBERT, JJ.

BRUNE, C. J., delivered the opinion of the Court.

Robert William Duckett, the applicant, was convicted in November, 1961, in the Circuit Court for Charles County of the crime of manslaughter and was sentenced to ten years' imprisonment. By his amended petition under the Post Conviction Procedure Act he sought his release, a reduction in his sentence or a new trial. His petition was denied and he now seeks leave to appeal.

The amended petition alleges as facts that the applicant was involved in a fist fight with one Martinez, that he was joined by four others, two of whom (a man named Lee and another named Jim Duckett) stabbed Martinez in the stomach and back, as a result of which Martinez died; that the applicant was subsequently arrested and was present when a State Police Trooper questioned one George E. Brooks, that Brooks then stated that he saw no one stab Martinez, but that at the

trial Brooks testified that he saw the applicant stab Martinez; and that after the trial was over the applicant learned that Brooks had planned to make false statements in testifying for the State by saying that the applicant had stabbed Martinez, when in fact Lee and Jim Duckett had done so.

The amended petition then asserts violation of the applicant's rights under the Fourteenth Amendment to the Federal Constitution and under the Maryland Declaration of Rights (Article 23, not 32, being obviously intended to be referred to) in that (a) there was "no evidence of guilt upon which a conviction or sentence could be imposed;" (b) that the conviction and sentence were based upon perjured testimony; and (c) that the applicant was not advised of his right to appeal and to have counsel furnished to him as an indigent to represent him on appeal.

Contention (a) is obviously unsupportable in the face of the applicant's own assertions, particularly that the witness Brooks testified to having seen the applicant stab the decedent. (In reaching this conclusion, it is not necessary to consider statements made by the State's Attorney at the hearing.)

As to contention (c), this Court has held that mere failure to inform a person convicted of a criminal offense of his rights with regard to appeal does not constitute a denial of due process of law, and hence does not afford a basis for relief under the Act. *Dorris v. Warden*, 222 Md. 586, 158 A. 2d 105; *Wallace v. Warden*, 226 Md. 670, 174 A. 2d 435. The right of appeal is statutory and special provisions for the benefit of indigents are also statutory.[1] (Contention (c) was not referred to in the opinion of the trial court and appears to have been abandoned; in any event it was not supportable.)

Contention (b) remains to be considered. In passing upon it and also upon contention (a), the trial court considered statements made by the State's Attorney during the course of the

---

1. A statute for the benefit of indigent defendants in capital cases was enacted by Ch. 1008 of the Acts of 1945, and a statute for the benefit of indigent defendants in other criminal cases was enacted by Ch. 68 of the Acts of 1958. These statutes, as since amended, are now codified as §§ 15 and 15A of Art. 5 of the Code (1962 Cum. Supp.).

hearing largely with regard to reports or statements of witnesses contained in his file and to some extent as to evidence adduced at the applicant's trial. These statements were treated as evidence, and no objection to their being so treated appears in the transcript of the Post Conviction proceeding. We suppose that the State's Attorney could have testified to most, if not all, of the matters covered by his statements, and we do not question his veracity or the accuracy of his statements. We think, however, that it would have been far better practice either to have covered this matter by stipulation, or, if necessary, to have called the State's Attorney as a witness. Because of the views stated below, we find it unnecessary to make any final ruling on this matter.

The applicant's original petition is a long, jumbled and largely incomprehensible document of a type emanating from our penal institutions with which we are not unfamiliar. The amended petition drawn by counsel appointed for the applicant appears to have been intended to supersede the statements of facts and views of the law expressed in the original petition, and should, we think, be so treated. Even the amended petition does not contain any direct allegation that the State knew that Brooks' testimony was perjured. The applicant's counsel did, however, make the assertion at the hearing—apparently on the basis of what the applicant had told him—not only that Lee and Raymond Duckett[2] did the actual stabbing, but that the applicant "alleges that this information was in the hands of the State at the time it went to trial."

The mere fact, if it be a fact as alleged in the petition, that a witness for the State made a statement shortly after the fight to the police investigating the affair which was inconsistent with or contradictory of something to which he subsequently testified at the trial, would not of itself show either (a) that the witness' first statement was true, (b) that his testimony at the trial was false, or (c) that the State knew the witness' testimony at the trial to be false. We also note that although the applicant charges the witness with having planned

---

**2.** The amended petition named Lee and Jim Duckett as those who stabbed the victim.

to give false testimony against him, he does not allege that the State was apprised of any such plan or was in any way a party to it. We further note that there was no concealment by the State of the alleged prior inconsistent statement of the witness, for the applicant says that it was made in his presence when the police were questioning the witness. It appears from a statement of the applicant's counsel at the Post Conviction hearing that this alleged inconsistent statement was not brought to the attention of the jury at the original trial even to impeach the credibility of the witness, and no explanation for silence about it is given. Failure to bring the matter up might well amount to a waiver of the present contention. Cf. *Ralph v. Warden,* just decided 230 Md. 616, 185 A. 2d 366.

If this Post Conviction case had been considered simply on the allegations of the petition, those allegations might well have been found insufficient and, if so, there would have been no occasion for the court to receive evidence or to order the attendance of the petitioner under Maryland Rule BK 44 d or e.

The hearing was not, however, confined solely to the allegations set forth in the petition. The able and conscientious judge who conducted it, with the evident desire of getting at the actual facts of the applicant's claim, notwithstanding any deficiencies in the petition, did go into questions of fact. Unfortunately, he did not have before him whatever evidence the applicant might have been able to produce to support his claim, although he did have and did consider statements in the nature of testimony from the State's Attorney. In his opinion the judge expressed the belief that there was not "any indication here of perjury on the part of the witness Brooks," and found in effect that even if there had been, "there is not any showing that the State was a party to this perjured testimony." Both of these conclusions, we think, were based in large part upon statements made by the State's Attorney, including references to the testimony of other witnesses against the applicant at the trial, even though the concluding sentence of the court's opinion does state that "the allegations of the petition do not justify a retrial of this case * * *."

Since we think that the trial judge rested his determination of the case upon a controverted question of fact—whether or

not there was perjured testimony knowingly used by the State—the applicant should have had an opportunity to present his own testimony and that of any other witness or witnesses whom he might have been able to produce to substantiate his charge. Cf. *United States v. Hayman,* 342 U. S. 205, at 219-20 and 223, dealing with 28 U. S. C. § 2255, which contains provisions relating to hearings similar to those contained in Code (1961 Cum. Supp.), Art. 27, § 645 G, a procedural section of our Post Conviction Procedure Act, superseded in part by Maryland Rule BK 44 and now repealed by § 1 of Ch. 36 of the Acts of 1962. (See Commissioners' Note to § 1 of the Uniform Post Conviction Procedure Act, 9 B, U.L.A., p. 353, referring to the *Hayman* case.) We are consequently of the opinion that the case should now be remanded for a further hearing at which the applicant may have the opportunity to present whatever evidence he may have to substantiate his claim, which, if well founded and not waived (as to neither of which we express a view), would be a ground for relief. See *Hall v. Warden,* 222 Md. 590, 593, 158 A. 2d 316, where we said: "The cases establish that the constitutional concept of fairness demands that State officials not only refrain from producing testimony known to be false, but that they correct statements known to be false, even if unsolicited. We do not exclude, however, the possibility that the allegations of the applicant may be untrue or may be rebutted, * * * or that the point now pressed was knowingly waived * * * in the course of the trial * * *." With regard to the first sentence just quoted from *Hall,* see also *Mooney v. Holohan,* 294 U. S. 103; *Pyle v. Kansas,* 317 U. S. 213; *Alcorta v. Texas,* 355 U. S. 28; *Napue v. Illinois,* 360 U. S. 264; *People v. Savvides,* 1 N. Y. 2d 554, 136 N. E. 2d 853; *Brady v. State,* 226 Md. 422, 174 A. 2d 167.

The only relief sought to which the applicant would be entitled if he should sustain his charge would be a new trial. There is no illegality in the sentence, if his conviction is valid. The sentence is within the statutory limit (Code (1957), Art. 27, § 387), and no ground has been suggested for setting the applicant entirely free of the charges against him. Pursuant to Maryland Rule 871 a, leave to appeal is granted and the case

will be remanded, without affirmance or reversal, for further proceedings as above indicated.

*Leave to appeal granted and case remanded without affirmance or reversal for further proceedings consistent with the opinion of this Court.*