## REEVES *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 62, September Term, 1962.]

614

*Decided March 13, 1963.*

Before BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

PER CURIAM.

The applicant was convicted of rape on October 30, 1959, in the Criminal Court of Baltimore. A motion for a new trial being denied on April 2, 1960, he was sentenced by Judge Byrnes, on April 8, 1960, to life imprisonment. The judgment was affirmed per curiam by this Court on March 13, 1961, in *Reeves v. State*, 224 Md. 436. His petition for a writ of certiorari to the Supreme Court of the United States was denied on October 9, 1961. *Reeves v. Maryland*, 368 U. S. 865. On November 9, 1961, Judge Chesnut, of the United States District Court for the District of Maryland, denied his application for a writ of habeas corpus, due to his not having exhausted all State remedies, namely, under the P.C.P.A., Code (1962 Cum. Supp.), Article 27, § 645A, *et seq.* On December 6, 1961, applicant filed a petition under the P.C.P.A. in the Criminal Court of Baltimore. He alleged four grounds for relief: (1) Illegal search and seizure, (2) he was framed, (3) the State suppressed material evidence, and (4) he was convicted on perjured testimony, resulting from inducement by the police or collusion between the police and the State's Attorney.

Judge Cardin denied his application for relief under the P.C.P.A. and filed a memorandum opinion. Applicant now seeks leave to appeal to this Court, making the same contentions.

Contention (1) is merely a general allegation of illegal search and seizure. Such an allegation of a denial of constitutional rights, without sufficient facts to justify the claim, is not a ground for relief under the P.C.P.A. *Daniels v. Warden*, 222 Md. 606, 158 A. 2d 763.

Contention (2), which is merely a claim that he was framed, without any specification of facts, is also too vague and general to constitute a ground for relief. *Diggs v. Warden*, 221 Md. 624, 157 A. 2d 453.

Contentions (3) and (4), having been adjudicated in his original appeal to this Court, can not be raised again in this application. *Ingram v. Warden*, 221 Md. 597, 155 A. 2d 668. Even though in slightly different phraseology he now bases his fourth contention on a denial of due process, rather than on abuse of discretion as claimed in his appeal here, his failure to assert the constitutional question on that appeal bars him from raising it now. *Jordan v. State*, 221 Md. 134, 156 A. 2d 453.

*Application denied.*