## BAILEY *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 55, September Term, 1962.]

*Decided May 2, 1963.*

Before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

PRESCOTT, J., delivered the opinion of the Court.

The applicant for leave to appeal under the U. P. C. P. A. was convicted by Judge Foster, in November of 1961, of robbery and assault. Though he was represented by experienced counsel, no motion for a new trial or appeal was filed.

He now, through his court-appointed attorney, has raised three points: (1) that the prosecuting witness perjured himself and such perjury was known to the State and knowingly used against him; (2) that applicant "was arrested without a warrant and as a result of illegal search and seizure," and therefore any admissions obtained from him were inadmissible; and (3) that the "entire testimony showed conclusively * * * there was no felonious intent on the part of the" applicant.

I

Chief Judge Niles, who presided at the Post Conviction hearing below, held that although there was a sharp conflict in the testimony at the hearing, there was nothing in the record to show that the evidence used against the defendant was, in fact, false or perjured. We are unable to say that this finding was erroneous.

II

The arrest was for a felony. Judge Niles found that the arresting officer had "good grounds," or probable cause, to make

the arrest for a felony; hence the arrest without a warrant was lawful. Again, we are unable to say that the ruling was erroneous. *Mulcahy v. State,* 221 Md. 413, 158 A. 2d 80; *Price v. State,* 227 Md. 28, 175 A. 2d 11. Moreover, petitioner's experienced and diligent counsel failed to name in his statement of facts in his brief, or in the argument therein, any confession or admissions of the petitioner, which were offered in evidence.

### III

The third assignment of error is simply a question as to the weight of the evidence, which is not reviewable upon a Post Conviction appeal. *Northington v. Warden,* 221 Md. 586, 155 A. 2d 651.

*Application denied.*