## BROWN v. WARDEN OF MARYLAND HOUSE OF CORRECTION

[App. No. 46, September Term, 1965.]

*Decided October 20, 1965.*

Before PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY, and BARNES, JJ.

PER CURIAM.

Wilbert Frank Brown, the applicant for leave to appeal from a dismissal by the lower court of his petition for post conviction relief, was convicted of petty larceny on December 4, 1964 by Judge Albert H. Blum in the Southern Part of the Municipal Court of Baltimore City. The applicant was advised of his right to counsel, elected to proceed without counsel, and was advised of his right to appeal. An appeal to the Criminal Court of Baltimore was filed on December 12, 1964 and counsel was appointed by the court to represent the applicant on appeal. A plea of not guilty was entered on the applicant's behalf. After trial before Judge Sodaro, sitting without a jury, a verdict of guilty was rendered and the applicant was sentenced to one year in the House of Correction to run from December 12, 1964.

The applicant filed a petition under the Post Conviction Procedure Act on February 18, 1965 alleging two grounds for relief: 1) that his arrest was illegal as he was arrested without a warrant in connection with a misdemeanor which was not committed in the officers' presence and there was no probable cause for the arresting officer to believe that a felony had been committed, and 2) that the evidence upon which his conviction was based was inconclusive and uncorroborated. The court appointed counsel to represent the applicant in connection with his petition and after a hearing Judge Byrnes denied the petition and filed a memorandum opinion setting forth his grounds for that denial.

Brown's first allegation that he was illegally arrested is with-

out merit because he does not allege that "any 'fruits' of the arrest were used against him at his trial." *Bryant v. Warden,* 235 Md. 658, 659, 202 A. 2d 721 (1964).

The second allegation is also without merit as questions of the weight of evidence to convict are not proper grounds for granting post conviction relief. *Bailey v. Warden,* 231 Md. 626, 628, 190 A. 2d 547 (1963).

*Application denied.*