## FARROW *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 13, September Term, 1965.]

*Decided March 7, 1966.*

Before Horney, Marbury, Oppenheimer, Barnes and McWilliams, JJ.

Per Curiam.

On 1 February 1963 the petitioner was found guilty by a jury in the Criminal Court of Baltimore with Judge Charles D. Harris presiding, of the crimes of assault with intent to rape and committing an unnatural or perverted sexual practice. He was sentenced to two consecutive ten year terms in the Maryland Penitentiary. We affirmed the judgment and sentence of the lower court in *Farrow v. State*, 233 Md. 526, 197 A. 2d 434 (1963). During his incarceration, petitioner has filed six habeas corpus petitions, all of which have been denied. On 13 May 1964 petitioner filed an application for relief under the Maryland Uniform Post Conviction Procedure Act. After a full evidentiary hearing, Judge Joseph L. Carter denied the relief sought. On 22 March 1965 petitioner filed an application for leave to appeal from the decision below.

Petitioner raises a variety of contentions in his application. The first two involve the admission of evidence which petitioner claims are the fruits of illegal searches and seizures, one at the time of arrest and one at the police station. These contentions were raised and finally determined in petitioner's original appeal, 233 Md. 526, 197 A. 2d 434 (1963), and, therefore, can form no basis for post conviction relief. *Ralph v. Warden*, 230 Md. 616, 185 A. 2d 366 (1962). The same can be said for petitioner's contention that a police officer was improperly allowed to give hearsay testimony.

Petitioner also charges that the state agreed to try him for rape but instead tried him for robbery. Apparently the claim

is based on the fact that the evidence on the rape charge necessarily involved throwing some light on the robbery during which it took place. Judge Harris properly cautioned the jury as to such evidence and in our opinion petitioner was not prejudiced by it.

Petitioner next claims that the state improperly suppressed the results of a laboratory study made on petitioner's clothes. Actually the tests were testified to in detail. In any case Judge Carter made a finding of fact that petitioner was aware of the tests and could have required production of the report. We find nothing to dispute this finding and of course it precludes any relief for the alleged suppression of evidence. *Hyde v. Warden,* 235 Md. 641, 202 A. 2d 382 (1964).

Petitioner's next claim is that the court erred in striking certain minor counts in the indictment. Of course defects in an indictment are not a basis for post conviction relief, *Bowie v. State,* 234 Md. 585, 200 A. 2d 557 (1964), but in any case the counts were stricken to correct a slight defect in the indictments and petitioner has failed to show any resulting prejudice.

Petitioner also makes two claims that evidence of his prior criminal record was improperly admitted. First he claims Dr. Guttmacher was improperly allowed to testify about previous offenses. If Dr. Guttmacher's remarks can be interpreted as referring to petitioner's past record it is clear that they were so nebulous as to be non-prejudicial. In addition this contention was available but not raised on appeal and must be considered waived. *Ralph v. Warden,* 230 Md. 616, 185 A. 2d 366 (1963) ; *Reeves v. Warden,* 231 Md. 613, 188 A. 2d 698 (1963). Petitioner's second such contention, to the effect that the court aided the state in extracting from a witness that petitioner was an ex-convict, may also be disposed of on the basis of waiver and Judge Carter's finding that petitioner was not prejudiced by the testimony.

Finally petitioner makes various and sundry objections to Judge Harris' charge to the jury. These objections could reasonably have been raised on appeal and form no basis for post conviction relief. *Matthew v. Warden,* 223 Md. 649, 162 A. 2d 452 (1960).

*Application denied.*