## HALL *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 141, September Term, 1965.]

*Decided January 5, 1967.*

Before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and McWILLIAMS, JJ.

PER CURIAM.

This is an application for leave to appeal from an order of

the Circuit Court for Prince George's County dated January 17, 1966, which denied the relief sought by James Daniel Hall in his petition filed in that court under the Uniform Post Conviction Act.

Hall was convicted, by a jury in the Circuit Court of Prince George's County, of robbery with a deadly weapon on May 8, 1963, and sentenced to fifteen years in the Maryland Penitentiary. Hall appealed that judgment and sentence to this Court. *Hall v. State*, 233 Md. 378, 196 A. 2d 874 (1964). For purposes of that appeal, we assumed that the initial detention of Hall by the police was illegal, but held that such illegal detention did not vitiate a warrant sworn out subsequent to and based upon admissions voluntarily made by Hall during the time he was held without legal cause. We found, therefore, that Hall's fingerprints, obtained following service of the warrant, were taken when he was in lawful custody, did not constitute the fruit of an illegal arrest, and thus were properly admitted into evidence at his trial. We also ruled that, the fingerprints being admissible, "there was sufficient evidence, if believed by the trier of fact, to convict Hall of robbery with a deadly weapon."

Five of the applicant's six contentions [1] in this petition ask us, in effect, to review what we have already decided. Despite undisputed testimony at Hall's original trial that his fingerprints were obtained following service of the warrant, Hall offered evidence in his post conviction hearing, tending to show that the fingerprints were obtained before the warrant was issued. The short answer to these allegations is that the applicant has no right to raise them in a post conviction hearing. Code, Article 27, sec. 645 A (Supp. 1965) denies the right to post conviction relief when the alleged error has been "previously and finally

---

1. These allegations are: "1. That he [Hall] was unlawfully detained by the investigating officers; 2. That this illegal detention vitiates the warrants; 3. That the petitioner was at all times illegally held by the police prior to the taking of his fingerprints; 4. That the admission of the petitioner's fingerprints into evidence was a violation of due process of law, the Fourth and Fourteenth Amendments to the Constitution." By amended petition, Hall's attorney alleged: 5. "There was insufficient competent evidence to identify the defendant as a participant in the alleged crime."

litigated or waived in the proceedings resulting in the conviction * * *." Subsection (b) of section 645 A further provides:

> "(b) *When allegation of error deemed to be finally litigated*—For the purposes of this subtitle, an allegation of error shall be deemed to be finally litigated when the Court of Appeals has rendered a decision on the merits thereof, either upon direct appeal or upon any consideration of an application for leave to appeal filed pursuant to § 645-I of this subtitle; * * *."

We have previously reviewed five of the applicant's contentions and have either rendered a decision on their merits or assumed their truth upon direct appeal. We will not consider them again. *Farrow v. Warden,* 241 Md. 724, 217 A. 2d 270 (1966); *Buettner v. Superintendent,* 239 Md. 710, 212 A. 2d 464 (1965); *Ralph v. Warden,* 230 Md. 616, 185 A. 2d 366 (1962); *Tillet v. Warden,* 220 Md. 677, 154 A. 2d 808 (1959).

The sole remaining allegation in Hall's application is that the prosecuting attorney at the trial of this case had previously represented one Robert Lee Simms[2] in an unrelated matter "and may therefore have information relative to the said Robert Lee Simms which could have been prejudicial to the defendant in the trial of this case." Judge Powers, in the court below, found this contention lacking in merit, stating:

> "[T]here was no testimony whatever adduced today [at the post conviction hearing] to indicate any knowledge whatever on the part of the prosecuting attorney, or that the prosecuting attorney had any information whatever concerning this case which he obtained in any way other than entirely properly from the police who had investigated the case."

---

2. The only connection between the applicant and Robert Lee Simms appears to be the following: The applicant was originally taken to police headquarters for questioning about the escape of Mr. Simms from a prison hospital. The applicant was present at the scene when Simms was involved in an accident on the Baltimore-Washington Expressway soon after his escape. See *Hall v. State, supra.* Appendix to Brief of Appellant, No. 161, September Term, 1963, E. 7.

734

We have carefully reviewed all the testimony taken at Hall's post conviction hearing and agree with Judge Powers on this point.

*Application denied.*