# WILLIAM NIXON *v.* DIRECTOR, PATUXENT INSTITUTION

[No. 40, Initial Term, 1967.]

*Decided February 9, 1967.*

Before ANDERSON, MORTON, ORTH and THOMPSON, JJ.

ORTH, J., delivered the opinion of the Court.

This application for leave to appeal from a denial of post conviction relief by Chief Judge J. DeWeese Carter, sitting in the Circuit Court for Talbot County, Maryland, raises four contentions.

The petitioner's first contention asks: "Was the petitioner denied a fair and speedy trial as guaranteed by the Sixth Amendment to the U. S. Constitution?" In support of this contention, he states he was imprisoned for nine months before being properly served with a warrant. This allegation is not factually correct. The record shows that two warrants were issued August 17, 1964, charging crimes committed on August 15, 1964. It

is correct that he was not tried until March 9, 1965, but there is no allegation or evidence that he was prejudiced, that he demanded an earlier trial or that the question was raised before the lower court. His sentence was dated from August 17, 1964. Judge Carter found that any allegation he was denied a fair and speedy trial to his prejudice is not supported by the evidence. We agree. The Court of Appeals has held that right to speedy arraignment and trial may be waived under proper circumstances. *Cohen v. State,* 235 Md. 62, 70, 200 A. 2d 368, cert. den. 85 S. Ct. 84, 379 U. S. 844, 13 L. Ed. 2d 49.

The petitioner's second contention asks: "Was the petitioner a victim of double jeopardy which is prohibited by the Fifth Amendment to the U. S. Constitution?" He makes the following allegations: That there were two trials; that at the first one the Judge found him not guilty and released him from custody; that immediately after his release and before he could leave the courtroom, he was re-arrested with a warrant alleging the same charge; that he was tried again by a jury and convicted. These allegations are not factual. Judge Carter found that the docket of the trial magistrate for Talbot County shows two warrants issued against the petitioner on August 17, 1964, one charging him with common law rape and the other with assault and battery, each with respect to the same person on account of the same incident on the same date. At a preliminary hearing on September 17, 1964, the petitioner was held for action of the grand jury on the rape charge and the State prayed a jury trial on the assault charge. There was no trial before the magistrate. The Circuit Court for Talbot County placed the assault charge on the criminal appeal docket. The rape charge was presented to the grand jury and an indictment found. A motion to consolidate the cases was granted, there being no objection by petitioner. At a trial before a jury, petitioner was acquitted of the rape charge, convicted on the assault charge and sentenced to five years. No appeal was taken.

The double jeopardy protection of the Fifth Amendment is not transmitted to the States through the Fourteenth Amendment. *Eggleston v. State,* 209 Md. 504, 513, 121 A. 2d 698 (1956). Nor is it a ground for relief under the Uniform Post Conviction Procedure Act. *Austin v. Director,* 237 Md. 314, 206 A. 2d

145 (1965) citing *Best v. Warden,* 235 Md. 633, 201 A. 2d 490 (1964). If double jeopardy protection applied, however, it would not avail petitioner in this case. The crime of rape and the crime of assault are different crimes although arising out of the same incident. The jury may well find, as it apparently did, that there was not sufficient evidence of rape but that there was sufficient evidence of assault. The judgments are not inconsistent. Petitioner was placed in jeopardy only once on each charge.

The petitioner's third contention asks: "Was there sufficient evidence to corroborate the testimony of the complainant?" The allegations he makes in support of this contention that there was not sufficient evidence in corroboration, go to the sufficiency and weight of the evidence and the Court of Appeals has held in numerous cases that this is no ground for post conviction relief. *Brown v. Warden,* 240 Md. 710, 213 A. 2d 750 (1965) citing *Bailey v. Warden,* 231 Md. 626, 628, 190 A. 2d 547 (1963). Judge Carter found that no evidence was presented to show legal insufficiency of the evidence.

The petitioner's fourth contention asks: "Was the jury unbiased and properly selected?" In support of this contention, petitioner states that since the complainant was a woman, he believes that the all male white jury was prejudicially biased against him and was unable to give a fair and legally valid verdict. In his testimony at the hearing, petitioner said that what he meant was that if the jury had acted properly, it would have found him either guilty of both charges or not guilty of both charges. The two crimes charged are separate and distinct and the judgment of the jury is not inconsistent. This contention basically is a question of the weight and sufficiency of the evidence and no ground for post conviction relief. *Brown v. Warden,* supra. It is without merit to support an allegation that the jury was biased or improperly selected.

The application for leave to appeal restates in substance, the contentions raised in the petition and reasserts the arguments set forth in the hearing. Petitioner's allegation that he should have been advised of his right to appeal, raised for the first time by the application, is not the equivalent of a denial of that right and no ground for post conviction relief whether his coun-

sel or the trial court so failed to advise him. *Cooper v. Warden,* 225 Md. 630, 169 A. 2d 419; *Dorris v. Warden,* 222 Md. 586, 158 A. 2d 105; *Duckett v. Warden,* 230 Md. 621, 185 A. 2d 712.

The allegation that the investigation by the trial court of his fourth contention was insufficient is without merit. The further allegation with respect thereto, raised in the application, that the jury was improperly constituted because it was required to profess a belief in God is of no avail to the petitioner as the judgment against him became final prior to the decision in *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475 (1965) the ruling in which does not apply retroactively.

*Application denied.*