## CORNELIUS WALKER, JR. *v.* WARDEN, MARYLAND PENITENTIARY

[No. 116, Initial Term, 1967.]

*Decided July 26, 1967.*

Before ANDERSON, MORTON, ORTH and THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from an order of September 16, 1966, of Judge J. Harold Grady, sitting in the Criminal Court of Baltimore, denying relief requested in the applicant's petition under the Uniform Post Conviction Procedure Act, filed December 30, 1965.

The applicant was convicted on December 23, 1959, of robbery with a deadly weapon and on January 7, 1960, was sentenced to twenty (20) years in the Maryland Penitentiary. His conviction was affirmed by the Maryland Court of Appeals. *Walker v. State,* 223 Md. 243. After two unsuccessful Post Conviction petitions, applicant was granted a new trial by the Fourth Circuit Court of Appeals, in a habeas corpus proceeding, on the basis of *Mapp v. Ohio,* 367 U. S. 643. *Walker v. Peppersack,* 316 F. 2d 119. He was again convicted on September 13, 1963, at his second trial, and sentenced to twenty (20) years in the Maryland Penitentiary. This conviction was affirmed by the Maryland Court of Appeals on February 11, 1965. *Walker v. State,* 237 Md. 516.

The applicant's allegations of error are, in substance, as follows:

1. That he was illegally arrested, there being no warrant, reasonable grounds, nor probable cause.

2. The oral testimony at trial, as well as the identification of the petitioner's person, followed from the illegal arrest and an illegal search and seizure.
3. Evidence at trial failed to sustain the allegation in the indictment concerning ownership of the property allegedly stolen.
4. The Grand Jury that indicted the applicant and the Judge who sat as trier of fact at his trial were required to declare a belief in the existence of God in violation of the applicant's constitutional rights.
5. Perjured testimony was given by the witness, Estelle Jackson, and the State knew that such testimony was perjured at the time that it was given.

As to the applicant's first two allegations, they were answered on the merits in his appeal from his second trial, *Walker v. State,* 237 Md. 516. They are therefore deemed to be finally litigated under Maryland Code, (1967 Replacement Volume) Art. 27, § 645A b, there being no constitutional standards imposed, not theretofore recognized, within the purview of § 645A d. For this reason they afford him no relief under the Uniform Post Conviction Procedure Act. *Bagley v. Warden,* 1 Md. App. 154, 158.

Applicant's third allegation of error goes to the sufficiency of the evidence, long considered not grounds for post conviction relief. *Nixon v. Director,* 1 Md. App. 14; *Brown v. Warden,* 240 Md. 710; *Bailey v. Warden,* 231 Md. 626.

The applicant's fourth allegation must be broken into two parts. First, as to the Grand Jury, the rule stated in the case of *Schowgurow v. State,* 240 Md. 121, applies only to cases which had not become final as of the date of that decision, October 11, 1965. *Ross v. Warden,* 1 Md. App. 46. The judgment in the applicant's case became final before *Schowgurow,* since the Maryland Court of Appeals affirmed the applicant's conviction on February 11, 1965, so that the judgment became final, within the meaning of *Schowgurow,* ninety days after that affirmance, during which time applicant could have petitioned the Supreme Court for certiorari. *Mauldin v. Warden,* 1 Md. App. 38; *Ramsey v. Warden,* 1 Md. App. 43; *Terry v. War-*

*den,* 243 Md. 610. Therefore, the fact that the Grand Jury which indicted the applicant was required to declare a belief in God affords him no relief. Second, as to the trial judge, in *Ralph v. Brough,* 248 F. Supp. 334, in the United States District Court for the District of Maryland, it was held, in a habeas corpus proceeding, that under Maryland Law the doctrine stated in *Schowgurow v. State,* supra, does not extend to the judge who sits as the trier of fact, and the fact that the judge, in his oath of office, has declared a belief in the existence of God does not invalidate his decision. In a subsequent proceeding in this jurisdiction by Ralph, under the Uniform Post Conviction Procedure Act, the Maryland Court of Appeals adopted the doctrine in *Ralph v. Brough,* supra, in this respect. *Ralph v. Warden,* 245 Md. 74. Therefore, applicant's fourth allegation of error affords him no relief.

As to applicant's fifth allegation of error, Judge Grady below noted that this particular question of State participation in perjured testimony had been determined against the applicant at his second trial. Therefore, any allegation as to that fact must necessarily go to the credibility of witnesses and the sufficiency of the evidence upon which the trial judge made such a determination, and is therefore not grounds for post conviction relief. *McCoy v. Warden,* 1 Md. App. 108, 118; *Davis v. Warden,* 235 Md. 637.

*Application denied.*