# THOMAS A. HADDER *v.* WARDEN, MARYLAND PENITENTIARY

[No. 30, September Term, 1969.]

*Decided August 28, 1969.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Thomas A. Hadder pro se.*

*Francis B. Burch, Attorney General,* and *Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* for respondent.

ANDERSON, J., delivered the opinion of the Court.

On March 21, 1964, the applicant, Thomas A. Hadder, was convicted of murder by a jury in the Circuit Court for Prince George's County. He was sentenced to life imprisonment. An appeal was taken to the Court of Appeals of Maryland, which affirmed the judgment. *Hadder v. State,* 238 Md. 341 (1965). On April 13, 1967, the applicant filed his first petition under the Uniform Post Conviction Procedure Act. In that petition, and at the first hearing, he raised the following contentions:

1. That the court erred in allowing a doctor to give certain expert testimony.
2. That he was denied due process and equal protection under the law when the Maryland Court of Appeals refused to appoint him (as an indigent) an attorney to prepare a petition for writ of certiorari after the United States Supreme Court had informed him that it was not the responsibility of the Supreme Court to so appoint counsel.
3. That the court erred in its imposition of sentence.
4. That he was denied his legal rights when he was forcefully prohibited from opposing extradition when he was transported across

several state borders while in the custody of Maryland policemen.

5. That the court erred in allowing too much of the trial to be conducted in chambers and at the bench.

6. That the court erred in allowing the state to identify certain exhibits which were not placed in evidence.

7. That the court erred when objections were sustained and the jury was not instructed to disregard them.

On June 23, 1967, Judge William B. Bowie, sitting in the Circuit Court for Prince George's County, denied relief sought in the petition. No application for leave to appeal from the order denying relief was filed.

On March 28, 1969, a second petition under the Uniform Post Conviction Procedure Act was filed. In this petition the applicant restated the seven contentions which he had raised in the original petition and, in addition, the five contentions he had raised on direct appeal. On March 31, 1969, Judge William B. Bowie in a memorandum opinion again denied relief. Judge Bowie ruled, correctly, that contentions decided upon direct appeal were not again reviewable by means of a U.P.C.P.A. petition. See Md. Code, Art. 27, § 645A (b) ; *Hall v. Warden,* 244 Md. 731 (1967). With respect to the contentions which had been raised in the first petition, Judge Bowie ruled that, "contentions raised in a prior post conviction petition are not grounds for relief in a subsequent petition. *Williams v. Warden,* 239 Md. 706 (1965)." In this ruling Judge Bowie erred. In the *Williams* case, *supra,* the applicant was foreclosed upon his second petition where the contentions raised were the same raised in the first petition *and* where an application for leave to appeal from the denial of relief on the first petition had been filed and denied. In addition, *Williams* was decided on the basis of Md. Code, Art. 27, § 645H, now repealed. Judge Bowie's theory appears to have been that the con-

tentions restated in the second petition had been "finally litigated" by the hearing on the first petition. As is pointed out in *Sample v. State,* 6 Md. App. 103, 106-7 (1969) a contention cannot be deemed to have been "finally litigated" where there has been no decision on the merits thereof by the Court of Appeals or this Court either upon direct appeal or upon consideration for leave to appeal under post conviction proceedings, or by a court of original jurisdiction upon a petition for a writ of habeas corpus or writ of error *coram nobis.*[1]

However, it does appear that the applicant has waived contentions 1, 3, 5, 6, and 7, listed above. These five contentions all present matters which could have been raised on direct appeal. Since they were not so raised they have been waived unless the failure to raise them is excused because of special circumstances. Md. Code, Art. 17, § 645A (c). No special circumstances appear from the face of the instant petition or application for leave to appeal, nor from any of the other records of the case. We think that the applicant has failed to show special circumstances and that the statutory presumption of waiver, § 645A (c), thus stands unrebutted. See *Bagley v. Warden,* 1 Md. App. 154, 161 (1967).

Contention #2, however, presents a matter which could not have been raised at trial or on direct appeal. In this respect the contention is like that of incompetency of counsel raised in *Sample v. Warden, supra.* Although we will not consider this contention to have been waived, it has no substantive merit and provides no ground for relief. Regardless of what the United States Supreme Court

1. The applicant, on January 21, 1966, did file a petition for writ of habeas corpus in the Circuit Court for Prince George's County. Relief was denied on February 1, 1966 by Judge Ralph W. Powers of that court. Were that petition and the order denying relief before us at the present time we might be in a position to conclude that the contentions were finally litigated in those proceedings. We do not have those records before us, and it does not appear from the record that Judge Bowie had them before him; in order to expedite the disposition of this application we shall assume that the instant contentions were not raised in the habeas corpus proceedings.

588

may have written the applicant,[2] we know of no authority which requires the State to appoint, at the taxpayers' expense, an attorney to draft for a criminal convicted in a state court a petition to the United States Supreme Court for a writ of certiorari.

Contention #4 has no substantive merit. See *Swann v. State,* 7 Md. App. 309; *Austin v. Director,* 237 Md. 314, 317-18 (1965). In the alternative, since no records appear before us to indicate that he was, in fact, extradited or that he was extradited in connection with the underlying crime involved here, we will consider contention #4 to be a bald allegation of no merit. See *Briscoe v. Warden,* 3 Md. App. 182, 186 (1968).

*Application denied.*

---

2. The alleged letter from the Supreme Court to the applicant is not in the record before us and does not appear to have been before Judge Bowie.