# DANIEL JORDAN *v.* WARDEN, MARYLAND HOUSE OF CORRECTION

[App. No. 188, September Term, 1969.]

*Decided May 27, 1970.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Daniel Jordan pro se.*

*Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* for respondent.

THOMPSON, J., delivered the opinion of the Court.

Daniel Jordan applies for leave to appeal from a denial of relief prayed in his second post conviction petition.

On March 4, 1966, applicant's original conviction for murder in the second degree and 18 year sentence was voided at his election under *Schowgurow v. State,* 240

Md. 121, 213 A. 2d 475. He was later reindicted and on October 31, 1966, in the Criminal Court of Baltimore, he was reconvicted of murder in the second degree and was sentenced to a term of 15 years. This conviction was affirmed by this Court in *Jordan v. State,* 2 Md. App. 415, 234 A. 2d 783. On March 27, 1969, this Court, in an unreported opinion, denied his application for leave to appeal from a denial of relief prayed in his first post conviction petition.

Jordan now contends:

(1) That petitioner's constitutional rights were violated when he was indicted without members of his own race on the Grand Jury.

(2) That the law of Maryland which requires all candidates for public office, including the judge and the jury, to take a religious oath, is unconstitutional.

(3) That, because of this religious oath, the judge and jury had no legal right to pass judgment in this case.

(4) That his constitutional rights were violated when he was indicted twice for the same crime.

(5) That a statement made by petitioner to the police before being advised of his constitutional rights was erroneously admitted into evidence.

The first contention was found by the hearing judge to be factually incorrect, and we are given no reason, and see no reason, to disturb the finding. The second and third contentions were considered and rejected by this Court in *Hartley v. State,* 4 Md. App. 450, 243 A. 2d 665, insofar as they relate to the disqualification of judges. Insofar as they relate to juries, the record shows the applicant was reindicted and retried after juries were selected in accordance with *Schowgurow v. State, supra.* The fifth contention was raised in Jordan's first post conviction petition and became finally litigated when this Court denied the application for leave to appeal therefrom, Md. Code, Art. 27, § 645A (b).

Jordan's fourth contention requires more discussion. In *Austin v. Director,* 237 Md. 314, 206 A. 2d 145 the Court

of Appeals held double jeopardy was not grounds for post conviction relief. See also *Nixon v. Director,* 1 Md. App. 14, 226 A. 2d 352 and *Williams v. Director,* 4 Md. App. 721, 245 A. 2d 105. When the Supreme Court in *Benton v. Maryland,* 395 U. S. 784, 89 S. Ct. 2056, 23 L.Ed.2d 707 for the first time held double jeopardy to be applicable to the states under the fourteenth amendment to the Constitution of the United States, the question of double jeopardy was elevated to a federal constitutional question and is now a ground for post conviction relief, if not previously waived or finally litigated.[1] See *Jackson v. Warden,* 236 Md. 634, 204 A. 2d 566.

In *Benton v. Maryland, supra,* the Court held an *acquittal* under a voidable indictment precluded a subsequent prosecution for the same offense. This is not to say, however, that a *conviction* under a voidable indictment bars a subsequent prosecution under a second indictment after the first conviction has been declared void at the election of the accused. We so held and fully discussed the question in *Presley v. State,* 6 Md. App. 419, 251 A. 2d 622, *Hartley v. State, supra* and *Gee v. State,* 2 Md. App. 61, 233 A. 2d 336.

*Application denied.*

---

1. The retroactivity of *Benton v. Maryland, supra,* may be open to some slight question. Compare *Waller v. Florida,* 7 CrL 3018, n.2 and *Ashe v. Swenson,* 7 CrL 3020, n. 1. It appears the issue will be most likely resolved in favor of retroactivity in *Price v. Georgia,* No. 269 October Term, 1969, argued April 27, 1970. See Md. Code, Art. 27, § 645A (d) as to availability of retroactive constitutional decisions as grounds for post conviction relief.