## HAROLD SCOTT *v.* WARDEN, MARYLAND PENITENTIARY

[No. 119, September Term, 1968.]

*Decided March 5, 1969.*

ORTH, J., delivered the opinion of the Court.

The applicant attacked by his first petition under the Uniform Post Conviction Procedure Act his convictions of daytime housebreaking and grand larceny at a court trial in the Criminal Court of Baltimore, receiving on each a 10 year sentence, the sentences to run concurrently. Upon hearing in the Criminal Court of Baltimore the relief sought was denied. He seeks leave to appeal requesting review on only two questions:

1) whether his trial was "fundamentally fair;" and
2) whether due process was violated when the State's witnesses were not sequestered at the time evidence was received on the issue of the legality of his arrest.

The answer to the second question is that we found on his direct appeal, *Scott v. State*, 3 Md. App. 429, 439-440, that the legality of his arrest was not material in that evidence admitted against him was not seized by a search of his person or of premises with regard to which he had standing to object. Even if his arrest were illegal, it would not affect the jurisdiction of the trial court, would not be a ground for dismissing the indictment and would not preclude trial and conviction for the offenses. *Jones v. State*, 5 Md. App. 489; *Nadolski v. State*, 1 Md. App. 304. A failure to request sequestration of the witnesses on that issue or that they were not in fact sequestered could not prejudice him in any event.

As to the first question, he sets out five reasons why he was "denied a fundamentally fair trial when considering the totality of this instant case":

"a) the prejudicial atmosphere of the courtroom with all of the State's witnesses present to hear the testimony of each other as to the most germane issues of law in the case.

b) when considering the fact that petitioner's appellant

attorney failed to file a writ of *certiorari* to the Court of Appeals of Maryland after he was requested by petitioner to do so.

c) when considering at the time of interrogation petitioner was only given the *Miranda* warning in part.

d) when considering the fact that even though the statement recorded on the tape recorder was not actually entered into evidence its contents was revealed to the trial court.

e) when considering that the record does not show that petitioner waived the right to counsel or any other right."

(a)

That the failure to sequester the witness caused a "prejudicial atmosphere" is a bald allegation. There was no claim that he requested that the witnesses be sequestered and that the request was denied and there were no circumstances alleged sufficient to show that the court on its own motion should have excluded the witnesses from the courtroom. See Md. Rule 753. Even failure of the trial court to comply with the Rule is not necessarily reversible error. *Swift v. State,* 224 Md. 300. The purpose of the Rule is to prevent prejudice and no prejudice was shown here. *Watts v. State,* 3 Md. App. 454.

(b)

Counsel representing the applicant on the appeal from his convictions was appointed on 7 August 1967. The mandate of this Court affirming the judgments became final on 23 April 1968. On 23 June 1967 the Court of Appeals adopted Md. Rule 719b(7)(b) which became effective 1 September 1967. It states that the authority and duty of counsel appointed to represent an indigent appellant on appeal to this Court shall continue from the date of the appointment until the expiration of the time for filing a petition for a writ of certiorari to review the decision. It provides: "Counsel shall be obliged to advise the indigent appellant * * * concerning his right to apply for certiorari and, if directed by the accused, shall assist in the preparation of a petition for certiorari and shall file the same over the signature of the accused." In a memorandum opinion under

date of 4 December 1968, as a supplement to the opinion accompanying the order of 27 November, the lower court noted that it had failed to decide "the question of alleged infraction of Petitioner's constitutional rights, due to the fact that upon the Petitioner's request, his attorney failed to file a writ of certiorari." It was of the opinion that such failure "did not in any aspect negate the relator's constitutional guarantees." It cited as authority opinions of the Court of Appeals and this Court to the effect that the failure to inform an accused of the right to appeal, in itself, was not a denial of that right. *Duckett v. Warden,* 230 Md. 621; *Nixon v. Director,* 1 Md. App. 14; *Norris v. Warden,* 1 Md. App. 69. It also noted that "the failure to advise of the right to appeal was not prejudicial where appeal was actually taken," citing *Slater v. Warden,* 241 Md. 668. The cases cited were not decided within the purview of Md. Rule 719(6), amending former Rule 719 (5) by including provisions as to direct appeal comparable to the provisions as to petition for writ of certiorari contained in Rule 719 (7) (b). And of course, in the instant case, no petition for writ of certiorari was filed. We agree that the right to file a petition for a writ of certiorari is not a constitutional right but we do not now decide whether the mere failure to inform an accused of the right attains constitutional proportions, although we note that the denial of a statutory right may, in some circumstances, be a constitutional denial. Here, however, the allegation is that the applicant's lawyer did not file the petition for a writ of *certiorari* after being requested to do so. It does not appear from the supplemental opinion of the hearing court that it made a factual finding whether or not the applicant's counsel advised the applicant of his right to file a petition for a writ of certiorari and if so, whether or not he directed counsel to assist in the preparation of the petition and to file it over the applicant's signature. We think that the case must be remanded for further evidentiary proceedings and determination of these questions from testimony of the applicant and counsel representing him on direct appeal and from such other evidence as the hearing court may deem advisable or necessary to receive. If the court finds that the applicant did direct his counsel to file the petition within the time required and that counsel failed to do so,

we believe that the applicant is entitled to file a belated petition for a writ of *certiorari* if he so desires.

### (c), (d) and (e)

These reasons go to the confession of the applicant received in evidence against him. We held on direct appeal that the confession was properly admitted and in so holding we found that the lower court was not clearly erroneous in determining that there had been compliance with the requirements of *Miranda*. *Scott v. State, supra,* 437-438. We see no prejudice to the accused with regard to the recording of his statement on tape. Although the taped confession was not offered in evidence there was testimony that it was "the exact same statement" as that admitted. As the statement was properly admitted, the fact that the content of the tape "was revealed to the trial court" did not harm the applicant. The admissibility of the confession has been finally litigated pursuant to Md. Code, Art. 27, § 645A(b); section 645A(d) is not here applicable. Thus the question of the admissibility is not properly raised under post conviction procedures. We noted in our opinion on direct appeal, note 5 at 438-439, that the trial court could have properly found, not only that the procedural safeguards of *Miranda* had been followed, but that the appellant fully understood his rights with regard thereto and waived them. We adopt the reasons there given in finding here that the applicant knowingly and intelligently "waived the right to counsel or any other right" within the ambit of *Miranda* with respect to the confession.

The reasons given do not support the contention that the actual trial of the applicant denied him due process of law as being unfair. But even though the point presented in reason (b) does not go to the fairness of the trial as such, we think it advisable, in the interest of justice and in anticipation of further proceedings, to consider it on the merits and not to confine it to the frame of reference in which it is raised. We therefore remand the case on that point.

> *Application granted; case remanded for further proceedings in accordance with this opinion.*