## BERNARD WILLIAM ROBINSON v. DIRECTOR, PATUXENT INSTITUTION

[No. 124, September Term, 1968.]

*Decided April 25, 1969.*

*Frank G. Perrin* for applicant.

*Francis B. Burch, Attorney General,* and *John C. Hancock, State's Attorney for Charles County,* for respondent.

ORTH, J., delivered the opinion of the Court.

The application of Bernard William Robinson for leave to appeal from denial of relief under post conviction procedures is denied as to twenty of the twenty-one allegations raised in his amended petition. Relief as to all except the 5th and 14th allegations are denied for the reasons stated on the merits of each allegation by Judge Perry G. Bowen, Jr. presiding in the Circuit Court for Charles County in his opinion rendered orally and thereafter transcribed and made part of the record as a memorandum opinion.

With reference to the fifth allegation—"Failure of assigned counsel to advise the Defendant of his right to appeal"—the applicant was tried and found guilty upon a plea of guilty on 23 March 1967. At the time of his trial, Md. Rule 719b6, delineating the authority and duty of appointed counsel, read: "Such counsel shall also have authority to note an appeal to the Court

of Appeals, if so directed by the accused." [1] Thus the applicant's appointed counsel had no duty to advise him concerning his right to appeal and the allegation affords him no relief. In disposing of the allegation the hearing Judge said: "We do not believe that assigned counsel has the responsibility to advise a client who pleads guilty that he has a right to appeal." Subsection 6 of § b of Rule 719 was rewritten effective 1 September 1967. While not applicable to the applicant as subsequent to his trial, it now provides, in relevant part, that the authority and duty of appointed counsel "shall continue in all respects from the date of such appointment until the imposition of sentence. Thereafter counsel shall advise the accused concerning his right to appeal * * *. If directed by the accused, counsel shall assist in the preparation of * * * an order for appeal, and shall file same over the signature of the accused." The Rule as now in effect makes no distinction between conviction upon plea of guilty or upon trial on the merits after a plea of not guilty.

With reference to the 14th allegation regarding the failure of assigned counsel to advise the applicant of his right to apply for a review of his sentence, Rule 719b6 was amended effective 1 July 1966 to include that the authority and duty of appointed counsel "shall obligate him to advise the accused concerning and assist him with the preparation and filing of, an application for review of sentence under Rule 762 (Review of Sentence) * * *." [2] The amendment was applicable at the time of the applicant's trial. Therefore, this case must be remanded for further proceedings and a factual determination by the hearing court whether or not the applicant was so advised. Although the Rule as applicable to the applicant contains no sanction for failure to comply with its provisions, we believe that if the ap-

---

1. The amendment of the rule, effective 1 July 1966, did not change the original rule in this respect.

2. Subsection b of § 6 was rewritten effective 1 July 1967 to read that appointed counsel "shall advise the accused concerning * * * his right to apply for a review of his sentence. If directed by the accused, counsel shall assist in the preparation of an application for review of sentence under Rule 762 (Review of Sentence) * * * and shall file same over the signature of the accused."

plicant was not so advised by his appointed counsel, he would be entitled to a belated review of his sentence if he so desires.

*Application granted; case remanded for further proceedings in accordance with this opinion.*