## RONALD F. RHODES *v.* WARDEN, MARYLAND PENITENTIARY

[No. 123, September Term, 1968.]

*Decided August 6, 1969.*

Before Murphy, C.J., and Anderson, Morton, Orth, and Thompson, JJ.

*Ronald F. Rhodes pro se.*

*Francis B. Burch, Attorney General,* and *Samuel A. Green, Jr., State's Attorney for Baltimore County,* for respondent.

Murphy, C.J., delivered the opinion of the Court.

On June 11, 1968 Ronald Rhodes was convicted on two counts of a criminal indictment by Judge Kenneth C. Proctor sitting without a jury in the Circuit Court for Baltimore County and on the same day sentenced to five years under the jurisdiction of the Department of Correction. No notice of appeal was ever filed.

On August 5, 1968 Rhodes wrote Judge Proctor stating that immediately after his sentence, his trial attorney "gave Your Honor notice of appeal," but that he had not heard further from his trial counsel, "as I do not have the necessary funds for his appeal fee." Subsequently, after an exchange of letters with Judge Proctor, appellant filed a petition for relief under the Uniform Post Conviction Procedeure Act alleging therein, among other things, that he was entitled to a belated appeal. After establishing his indigency, counsel was appointed to represent him.

On January 6, 1969 a hearing was held on the petition

at the conclusion of which Judge John E. Raine, Jr. denied all contentions raised by Rhodes except that relating to the question of whether he should have a belated appeal by reason of his trial counsel's alleged failure to enter the appeal within the time required by law. As to this contention, Judge Raine, after reviewing the trial transcript, held in a supplemental opinion that Rhodes was represented at the trial by privately retained counsel; that immediately after conviction, counsel told the court that Rhodes wanted to appeal and requested that an appeal bond be set; that after the court refused to fix an appeal bond, Rhodes was taken from the court room and then to the penitentiary, and nothing further was said or done by his trial counsel in connection with appealing his conviction. Judge Raine noted that Maryland Rule 719 requires court-appointed counsel to advise the accused, after conviction, of his right to appeal and, if directed by the accused, to assist in the preparation of an order for appeal and to file the same over the signature of the accused. While stating that the Rule set up a standard which all attorneys should follow, Judge Raine nevertheless concluded from his review of the trial transcript that as Rhodes had no meritorious ground for an appeal, he would not exercise his discretion to grant him a belated appeal.

Rhodes filed his application for leave to appeal Judge Raine's decision and, consequently, the question is before us for consideration.

The failure of counsel, whether court-appointed or privately retained, to inform the accused of his right to appeal was not formerly a ground for post conviction relief. See *Welborn v. Warden*, 2 Md. App. 351, 354. And it had been held that mere failure to advise the accused of his right to appeal would not of itself amount to incompetency of counsel. *Kitonis v. Warden*, 6 Md. App. 110. Maryland Rule 719 b (6) and b (7) (b), as rewritten effective September 1, 1967, now provides:

(6)  "When counsel is appointed by the court

to represent an accused, the authority and duty of such counsel shall continue in all respects from the date of such appointment until the imposition of sentence. Thereafter counsel shall advise the accused concerning his right to appeal and his right to apply for a review of his sentence. If directed by the accused, counsel shall assist in the preparation of an application for review of sentence under Rule 762 (Review of Sentence) and an order for appeal, and shall file same over the signature of the accused."

(7) (b) "Where counsel has been appointed to represent an indigent appellant or appellee on appeal to the Court of Special Appeals the authority and duty of such counsel shall continue from the date of such appointment until the expiration of the time for filing a petition for a writ of certiorari to review the decision of the Court of Special Appeals. Counsel shall be obliged to advise the indigent appellant or appellee concerning his right to apply for certiorari and, if directed by the accused, shall assist in the preparation of a petition for certiorari and shall file same over the signature of the accused."

Under this Rule we have held that where court-appointed counsel fails to advise the accused after conviction of his right to appeal and to apply for a review of sentence, the accused may be entitled to a belated appeal or belated review of his sentence. *Robinson v. Director,* 6 Md. App. 597. The same principle has been recognized where court-appointed counsel failed to advise the accused of his right to file a petition for a writ of certiorari with the Court of Appeals of Maryland. *Scott v. Warden,* 6 Md. App. 200.[1]

---

1. Contrariwise, we have held that where court-appointed coun-

In *Swann v. State,* 7 Md. App. 309, we observed that there was no valid distinction between court-appointed counsel and privately retained counsel in determining the question whether an accused is bound by counsel's statements, objections, or failure to object at trial. And previously, in *Anderson v. State,* 3 Md. App. 362, 368, we held that whether counsel is privately retained or court-appointed is irrelevant to the issue of his competency, the standard being the same in either event, namely, whether under all the circumstances of the particular case the accused was afforded genuine and effective representation, *Briscoe v. Warden,* 3 Md. App. 182, *Green v. Warden,* 3 Md. App. 266. We have thus declined to align ourselves with those jurisdictions which, while recognizing the accused's right to post conviction relief where court-appointed counsel was incompetent, impute such incompetency to the accused in the case of privately retained counsel and deny relief. The cases are collected in an article in the American Bar Association Journal, Volume 55, pages 254-256. See particularly *Breedlove v. Beto,* 404 F. 2d 1019 (5th Cir.).

The Supreme Court recently observed in *Williams v. City of Oklahoma,* 395 U. S. 458, 89 Sup. Ct. 1818, 23 L.Ed.2d 440, that while it has never held that the states are required to establish avenues of appellate review, "it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts." And in *People v. Montgomery,* 247 N.E.2d 130, the New York Court of Appeals held at page 132 that "basic fairness and due process require that the right [to appeal] not be dissipated either because the defendant was unaware of its existence, or because assigned or private counsel failed to abide by a promise to either file or prosecute an appeal."

---

sel fails to advise a post conviction petitioner of his right to file an application for leave to appeal, no belated right thereto necessarily accrues, there being no statute or rule imposing such a duty on court-appointed counsel in a post conviction proceeding. *Webster v. Warden,* 6 Md. App. 127.

By its terms, Maryland Rule 719 applies only to court-appointed counsel and imposes duties on them which, because they are to be compensated for performing them by the State, may not logically be fastened on privately retained counsel after the termination of the attorney-client relationship. For this reason, we are reluctant to articulate any rule imposing the reponsibility on privately retained counsel, either in whole or in part, to perform, without regard to compensation, any of the duties cast upon court-appointed counsel by Maryland Rule 719 b (6) and (7) (b). But where, as here, Rhodes indicated to the court through his then privately retained counsel that he wanted to appeal, after which he was removed to the jail, and his counsel thereafter did nothing to perfect an appeal because he no longer intended to represent him, and there is no indication that Rhodes appreciated this fact, we think it evident that he received less than "basic fairness and due process" in connection with the appellate process. Within a month after the time to appeal had elapsed, Rhodes made inquiry respecting the status of his appeal, and he has established through the post conviction process that he is indigent. Under these circumstances, we think the interest of justice requires us to grant Rhodes a belated appeal. We find all other contentions raised by him in his petition for post conviction relief to be without merit.

*Application for leave to appeal granted, and applicant awarded a belated appeal; case remanded for further proceedings consistent with this opinion.*