## IZONE WARDELL EVANS *v.* WARDEN, MARYLAND HOUSE OF CORRECTION

[No. 85, September Term, 1969.]

*Decided October 15, 1969.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Izone Wardell Evans pro se.*

*Francis B. Burch, Attorney General,* and *J. Thomas Clark, State's Attorney for Queen Anne's County,* for respondent.

THOMPSON, J., delivered the opinion of the Court.

Izone Wardell Evans, now an indigent, herein applies

for leave to appeal from an order of Judge B. Hackett Turner, Jr., presiding in the Circuit Court for Queen Anne's County denying relief prayed in applicant's first petition under the Uniform Post Conviction Procedure Act. The application is granted and the case remanded to the Circuit Court for further proceedings.

Applicant raises a total of 19 contentions in an original handwritten petition and two amendments thereto. In his 13th contention (incorrectly numbered 14th by applicant) applicant contends his counsel was incompetent. At the hearing, an outdated criteria was used to determine the responsibility of trial counsel to advise clients of their right to appeal. If Evans' trial counsel had been court-appointed, Maryland Rule 719 b 6 (effective September 1, 1967) would control. However, even though Evans' trial counsel was privately retained and thus beyond the written scope of Maryland Rule 719 b 6, the requirements of that rule apply to privately retained counsel on the theory that one who retains private counsel at his own expense is entitled to equally effective counsel as other defendants whose counsel are paid by the state. Hence, privately paid counsel, like publicly paid, must now advise their clients of the right to direct appeal. For a full discussion of the rule see *Rhodes v. Warden,* 7 Md. App. 423, 256 A.2d 351.

Since the hearing judge made no factual finding on the presence or absence of such advice, the application is granted and the case is remanded for the determination of this question and the granting of a belated appeal if the circumstances warrant that relief. Of course, it is possible, even though the advice was not given, Evans otherwise knew of his right to appeal as an indigent and intentionally waived that right.

Since some, if not all, of the other contentions could be raised on direct appeal, we will make no disposition of them, preserving, however, the applicant's right to apply for leave to appeal as to them in the event his right to direct appeal is ultimately denied. Such application must, of course, be filed within thirty days of the final

28

order in these proceedings and must specify the errors alleged. Maryland Rule BK 46 (b).

> *Application granted and case remanded for further proceedings in accordance with this opinion.*