## ALEXANDER PAYNE *v.* WARDEN, MARYLAND PENITENTIARY

[No. 139, September Term, 1969.]

*Decided January 9, 1970.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Alexander Payne pro se.*

*Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* for respondent.

PER CURIAM.

Alexander Payne applies for leave to appeal from an order filed by Judge Joseph C. Howard in the Criminal Court of Baltimore denying relief sought by applicant in his first petition under the Uniform Post Conviction Procedure Act. The application is granted and the matter remanded for further findings consistent with this opinion.

Judge Howard summarized the case to this point:

"Petitioner, Alexander Payne, was convicted of second-degree murder (Indictment No. 5067/1967) by Judge Albert L. Sklar on January 9, 1968 and sentenced to 30 years' imprisonment.

"An appeal to the Court of Special Appeals was filed on January 10, 1968.

"A denial of an application for review of sentence was filed by the Review Panel on May 24, 1968.

"The judgment was affirmed by the Court of Special Appeals on January 30, 1969, in an unreported opinion (Alexander Payne v. State of Maryland, No. 195, Sept. Term, 1968).

"This post-conviction petition was filed on May 20, 1969, and a hearing was held before this Court on August 25, 1969.

"The petitioner has raised the following contentions:

"His court-appointed attorney:

"(a) failed to file a petition for a writ of certiorari from the Court of Appeals of Maryland. . ." [1]

As to contention (a) the hearing judge found as follows:

"Trial counsel for the petitioner, Michael Kaplan, Esq., testified that he filed an appeal for Payne on January 10, 1968, the day after he was convicted. He did not file a petition for a writ of certiorari with the Court of Appeals because the petitioner, in response to a letter written by Kaplan informing him of the decision of the Court of Special Appeals, informed Kaplan that he was being fired and that his services were no longer wanted by the petitioner. The Court feels that trial counsel did all that was

---

1. This contention is not entirely clear from the original petition, but we assume the issue was clarified at the hearing.

required of him in this regard; this contention is therefore denied."

We do not think this finding adequately disposed of the contention. Maryland Rule 719 b 7 (b) (Effective September 1, 1967), provides as follows:

"Where counsel has been appointed to represent an indigent appellant or appellee on appeal to the Court of Special Appeals the authority and duty of such counsel shall continue from the date of such appointment until the expiration of the time for filing a petition for a writ of certiorari to review the decision of the Court of Special Appeals. Counsel shall be obliged to advise the indigent appellant or appellee concerning his right to apply for certiorari and, if directed by the accused, shall assist in the preparation of a petition for certiorari and shall file same over the signature of the accused."

The docket entries show that appellate counsel was appointed by the court. We do not think appointed counsel's duty under this rule is affected by his "firing" by an appellant. Since the hearing judge made no findings as to whether or not counsel advised applicant of his rights to file a petition for a writ of *certiorari,* we grant the application for appeal and remand the case for further findings as outlined in *Scott v. Warden,* 6 Md. App. 200, 251 A. 2d 17.

Since it is possible applicant will be granted a belated writ of *certiorari* to the Court of Appeals, we do not consider the other issues raised.

*Application granted and case remanded for further proceedings consistent with this opinion.*