## THOMAS J. LUCAS *v.* WARDEN, MARYLAND PENITENTIARY

[App. No. 51, September Term, 1970.]

*Decided November 4, 1970.*

Before MURPHY, C.J., and ORTH and THOMPSON, JJ.

*Thomas J. Lucas pro se.*

*Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* for respondent.

MURPHY, C.J., delivered the opinion of the Court.

On March 18, 1969, applicant Lucas pleaded guilty to four charges of robbery and was sentenced to forty years imprisonment. No direct appeal was taken.

On June 4, 1969, Lucas filed his first petition under the Post Conviction Procedure Act, contending therein (1) that his guilty plea was not freely and voluntarily entered, (2) that he was not advised of his right to appeal, and (3) that his trial counsel was incompetent and had a conflict of interest because he had previously represented a codefendant.

After holding an evidentiary hearing, the post conviction trial judge, in an opinion dated April 8, 1970, held that none of the contentions afforded relief. He reviewed the trial transcript, concluding therefrom that the guilty plea was freely and voluntarily obtained. He further concluded that even if Lucas had been denied due process of law because he was not advised of his right to appeal, since the record showed that the guilty plea was voluntarily entered there could be no merit to the contention that Lucas had been denied his right to appeal.

Maryland Rule 719 b (6) requires that after imposition of sentence, court-appointed counsel "advise the accused concerning his right of appeal," and, if directed by the accused, assist in the preparation of an order for appeal. On its face, the Rule makes no distinction between convictions based on guilty and not guilty pleas. How-

ever logical and practical the ruling of the post conviction hearing judge would appear, we hold that Rule 719 b (6) must be interpreted to require court-appointed counsel to advise an accused who has pleaded guilty of his right to appeal. *See Rhodes v. Warden,* 7 Md. App. 423.

While it does not appear from the trial transcript that Lucas was advised by counsel after imposition of sentence that he had a right to appeal, it is possible that he was in fact so advised by counsel in some manner not revealed by the transcript, or that he may have known of his right to appeal, but decided not to do so. Under such circumstances, failure of counsel to advise the accused of his right to appeal immediately at the conclusion of the trial, as required by Rule 719 b (6), would not afford applicant the right to a belated appeal. On the other hand, if he was not advised of his right to appeal and did not know of it, he would be entitled to a belated appeal. *Carroll v. Superintendent,* 8 Md. App. 24; *Rhodes v. Warden, supra.* We will, therefore, remand the case for a further evidentiary hearing. Should the trial judge conclude from the evidence that applicant is entitled to a belated appeal, he should so order; if not, he should state his reasons for so concluding and return the case to us for further consideration.

*Application for leave to appeal granted; case remanded for further proceedings in accordance with this opinion.*