KENNETH MAURICE WILSON *v.* STATE
OF MARYLAND

[No. 766, September Term, 1977.]

*Decided March 10, 1978.*

114

The cause was argued before LOWE, MELVIN and MASON, JJ.

*Mark Colvin, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Kathleen M. Sweeney, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City, Sheldon Mazelis, Howard Grossfeld* and *John Denholm, Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

LOWE, J., delivered the opinion of the Court.

> "The powers and duties of [a] Court of Appeals, are defined and limited. It cannot entertain appellate jurisdiction except when prescribed by the law. Where it undertakes to review the proceedings of subordinate tribunals, the authority must be shown. It is also the province of the appellate Court to decide when an appeal lies, and not the Court from which the appeal is taken." *Wylie v. Johnston,* 29 Md. 298, 302.

Although not raised by the parties in this case, the issue decided is whether a trial judge presiding over a post conviction hearing may authorize a second appeal to this Court when he questions the adequacy of the appellate representation. Conversely we must look at the question in light of our own authority to hear such second appeal.

Kenneth Maurice Wilson was tried and convicted of the rape and robbery of Lulu Mae Vicks in the Criminal Court of Baltimore on February 11 and 19, 1975. From February 24 through 28, 1975, another trial was held, which culminated in appellant's being convicted of having carnal knowledge of, and committing perverted practices on, Jo Ann Murcer. Both cases were appealed, with three issues being raised in each case. All verdicts were affirmed in unreported per curiam opinions in the 1975 September Term.[1]

---

1. The Murcer case by No. 762, filed August 6, 1976 and the Vicks case by No. 763, filed August 5, 1976.

Appellant filed a post conviction petition in which he claimed eleven grounds for relief:

"1) Perjury.

2) Inadmissible evidence.

3) Improper 'admission' of certain information that was perjury in violation of Petitioner's rights.

4) Illegal sentence.

5) Unconstitutional evidence.

6) *Prejudice of presiding Judge.*

7) Violation of constitutional right to due process and equal protection.

8) Unconstitutional shifting of burden of proof to Petitioner.

9) Violation of Petitioner's right to a fair and impartial trial by requiring him to prove his alibi by an independent source and by a preponderance of the evidence.

10) *Violation of Petitioner's constitutional right to a speedy trial.*

11) Suppression of evidence by the State."

(emphasis added).

All were denied by the judge at the post conviction hearing except numbers 6 and 10. The judge did not find directly that there was a violation of petitioner's constitutional right to a speedy trial, or that the presiding judge was prejudiced; he simply indicated that these issues should have been raised on appeal despite then appellate counsel's opinion that the issues had not been properly preserved for appeal. The judge pointed out in his opinion [2] that the trial courts in both cases had, in fact, acted upon motions raising the speedy trial questions after having heard argument on them. He also noted that the issue of the trial judge's bias had not been waived and should have been considered on appeal. He concluded that because these issues had not been raised on appeal despite appellant's express directions to his counsel:

" ... Petitioner was not afforded genuine representation in regard to his direct appeal."

2. The court's opinion in pertinent part is appended.

116

The judge then

> " . . . ORDERED, that the Petitioner be and he is hereby granted a Belated Appeal to the Court of Special Appeals."

In addition to the speedy trial and bias issues, this appeal that followed attempts again to raise two questions which we had answered on appellant's first appeal and a third which the post conviction court considered and rejected as having lacked merit.

We hold that the Uniform Post Conviction Procedure Act did not provide the Criminal Court of Baltimore with the jurisdiction to review appellate counsel's conduct or the issues raised or waived on appeal once that original appeal had been entered. We further hold that *this* Court has no jurisdiction to hear a second appeal arriving here from the route thus traveled.

In numerous cases we have stated or indicated that the post conviction relief is not available in the appellate stage of criminal proceedings and that only errors relating to the validity of the *original judgment* are properly cognizable as a basis for post conviction petition review. *E.g., Curtis v. State,* 37 Md. App. 459, 463; [3] *Robinson v. Director,* 3 Md. App. 222, 224; *Creswell v. Director,* 2 Md. App. 142, 144-145; *Knox v. Director,* 1 Md. App. 678, 680, *cert. dismissed,* 396 U. S. 995. While the logic behind these expressions has not been explicated (because that issue was not directly before us), it is apparent that our reasoning derived from the clear and limiting nature of the words of the statute reflecting the obvious legislative intent of its enactment. When the language of a statute is clear there is no need to look beyond it for legislative intent. *State v. Fabritz,* 276 Md. 416, 421, *cert. denied,* 425 U. S. 942.

---

3. Curtis involved a post conviction petitioner's right to pursue a second post conviction petition on the grounds that counsel at the first post conviction hearing had been derelict in failing to raise the issue of ineffective assistance of trial and appellate counsel at that first hearing. In absolving petitioner's post conviction attorney for his failure to raise the question of ineffectiveness of appellate counsel, this Court stated:

"In the first place, the issue, by definition, does not apply to the appellate stage but only to the trial stage." *Id.* at 464.

The Post Conviction Procedure Act, Md. Code, Art. 27, § 645A, grants a right to institute a proceeding for post conviction relief only to those convicted persons who claim that the "sentence" or "judgment" was "imposed" in violation of the law or Constitutions. It is apparent that appellate courts do not "impose" sentences or judgments. It is that language which has caused us continually to limit post conviction relief to the proceedings leading to, and the imposition of, the *original judgment* — which term, parenthetically, includes both conviction and sentence.

There is *no* language in the Uniform Post Conviction Procedure Act which even implicitly permits a supplicant to institute a proceeding under a claim of a legal or constitutional rights violation during the course of an appeal. Nor is there hint of that extended jurisdiction being intended by the Uniform Conference of Commissioners in its "Prefatory Statement", published when originally it proposed the act, see *Handbook of the Nat'l Conf. of Comm'rs of Uniform State Laws* (1955), or in the Maryland Legislative Council's explanation of the legislation contained in its *Report to the Maryland General Assembly,* 1958, (see Item No. 85 (1)), recommending the Act to the Maryland Legislature.

We have, of course, permitted trial courts to direct a belated appeal when counsel have wrongfully failed in their responsibility *to enter* an appeal from the trial court on a defendant's behalf, contrary to his expressed desires. *E.g., Robinson v. Director,* 6 Md. App. 597; *Rhodes v. Warden,* 7 Md. App. 423, 426. At that juncture, prior to the entry of an appeal, the trial court still has jurisdiction over the case; however, we have not extended — nor could we extend — the jurisdiction of the nisi prius court by permitting it to review our appellate proceedings after it was divested of jurisdiction by the entry of an appeal.

> "[T]he law is well settled that ordinarily, the trial court's jurisdiction is ended upon the filing of an appeal to this Court." *Stacy v. Burke,* 259 Md. 390, 401; *State v. McCray,* 267 Md. 111, 145.

> "After the appeal has been perfected, this Court is vested with the *exclusive* power and jurisdiction over

the subject matter of the proceedings . . . ." (emphasis added). *Bullock v. Director,* 231 Md. 629, 633.

We therefore hold that the Criminal Court of Baltimore was divested of jurisdiction when the original appeals were entered. It follows that the issues raised, the conduct of counsel and, indeed, all elements and related events addressed (or neglected) during the appeal were beyond the jurisdiction of the trial court.[4] The legislative grant of jurisdictional authority to hear post conviction complaints did not coincidentally vest the trial court with the power, not formerly conferred, to examine appellate operations.

To hold otherwise would require a trial court whose proceedings are being reviewed on appeal, to adjudge the propriety of its reviewer's proceedings. In regard to the issue of competency of counsel in such an instance, a nisi prius judge would sit in judgment of an appellate attorney's brief over which he had no jurisdiction and of which he had no official knowledge, and would determine counsel's adequacy at an unrecorded argument which he did not hear or observe. Every appeal would then be subject to review upon post conviction petition and the trial judge would have to decide whether the issues *not* raised on appeal were from the failure of an inadequate counsel or a strategic judgment of a sound appellate advocate. If a trial judge had such jurisdiction and responsibility, the impracticality of an unending circle of review would cause the wheels of justice not only to grind "exceeding fine", but probably to come to a screeching halt.

We may sympathize with a petitioner whose abridgement of constitutional rights at trial may have been compounded by incompetent or slipshod counsel on appeal; nonetheless,

---

4. But see Scott v. Warden, 6 Md. App. 200, where we granted an application for leave to appeal here from the denial of post conviction relief when counsel on an initial appeal to this Court had failed to apply for a writ of certiorari to the Court of Appeals, apparently in violation of this duty under then Rule 719 b. (7) (b). Despite the fact that we also remanded the case for further factfinding (due to our own inability to perform that function), in that case *this* Court sat in judgment of appellate counsel's competency in performing his appellate responsibilities. The trial court had properly denied the relief prayed since the attorney's omission was not committed while in that court's jurisdiction. *Accord,* Payne v. Warden, 8 Md. App. 397.

whatever avenues of relief may be available to one so deprived in the federal courts or elsewhere, the road to his deliverance does not originate in our Post Conviction Procedure Act. The right of appeal in Maryland is a statutory right which does not exist except where expressly given and which cannot be extended to cases not within the statute, *Urbana Civic v. Urbana Mobile,* 260 Md. 458, 460-461. Every appeal must comply with the authorizing statute (Cts. Art., Title 12) and the Rules for appeals (800, *et seq.* and 1000, *et seq.*), which rules have been constitutionally mandated and sanctified with the imprimatur of law, (Md. Const., Art. IV, §§ 18, 18A). *Cf. KRS v. Director,* 230 Md. 646, 649. Neither the statutes nor the rules permit a second appeal for either picking up issues overlooked or rehashing after an adverse decision.

*Appeal dismissed.*
*Costs to be paid by appellant.*

APPENDIX:

Partial Opinion of the Post Conviction Court

"At his Post Conviction Hearing, Wilson stressed the fact that the same Judge had presided at both trials and that he had instructed his counsel on appeal to include this in his points raised on appeal. He also contended that despite his specific request, appeal counsel did not raise the issue of denial of speedy trial in his appeal.

. . .

Appellate counsel for Petitioner appeared and testified at the Post Conviction Hearing. He agreed that the Petitioner had discussed with him the lack of speedy trial and prejudice of the trial Judge. Counsel stated that he advised Petitioner that the speedy trial issue had not been raised at either trial and that he could not go outside of the transcript in preparing his appeal. As to the Judge's prejudice, counsel felt that although raised at the second trial, it had been abandoned by the Petitioner.

Counsel's records reflected two and one-half hours spent on appeal. Included in this total was one hour of consultation with Petitioner. At his only visit to him, Petitioner had submitted a number of issues to him, but counsel had rejected them because he felt they were without any basis. Such conclusions by counsel, without concurrence therein by the Petitioner would appear to be violative of *Anders v. California, 386 U. S. 738.* See also: *Tippett v. Director, 2 Md App 465.*

While *Anders, supra,* dealt with a situation where appellate counsel rejected the appellant's contentions in toto, there is no reason to believe that its basic principle, lack of full appellate review, would not apply where petitioner's allegations of error were only partially rejected.

In particular, the Court finds that appellate counsel's testimony on post conviction indicated a lack of familiarity with the trial transcripts. He stated that he felt that the speedy trial issue was not raised on the records. In the Court trial, Indictments 57400384 and 57400386, pages six to nine of the trial transcript, reflect that a Motion to Dismiss for Lack of Speedy Trial was filed by the Petitioner in proper person, argued by counsel and denied by the trial Judge.

Pages fourteen to twenty-one of the transcript of the jury trial, Criminal Informations 27300796 and 27300799, set forth the fact that in those cases the same Motion was filed, argued and ruled upon.

Counsel also testified that the issue of disqualification of the trial Judge was not raised at the second trial. However, he then stated that this Motion was properly before the trial Judge but that Petitioner had 'dropped' this objection.

A contention of bias on the part of the trial Judge may now be considered on Post Conviction as well as on direct appeal. Compare: *Fisher v. Warden 230 Md 612 and Dailey v. Warden, 3 Md App 425.*

On pages twenty-two and twenty-six of the transcript of the jury trial, Criminal Information 27300796 and 27300799, the Petitioner orally moved for the trial Judge to disqualify himself. This Motion was denied by the Court.

Based on the record and on the Post Conviction testimony, this Court concludes that the Petitioner was not afforded genuine representation in regard to his direct appeal.

THEREFORE, it is this 17th day of August, 1977, ORDERED, that the Petitioner be and he is hereby granted a Belated Appeal to the Court of Special Appeals. Said Appeal to be filed within thirty (30) days from this date."