STATE

v.

Anthony TASSONE.

No. 78–124–C.A.

Supreme Court of Rhode Island.

July 16, 1980.

Dennis J. Roberts, II, Atty. Gen., Joel S. Chace, Sp. Asst. Atty. Gen., for plaintiff.

John F. Cicilline, Providence, for defendant.

OPINION

DORIS, Justice.

This is an appeal by the petitioner, Anthony Tassone (Tassone), from an "amended judgment" entered in a postconviction-relief proceeding before the Superior Court. The amended judgment, which was entered after a hearing held in the petitioner's absence, changed the petitioner's five-year criminal sentence, rendered illegal by the passage of G.L. 1956 (1969 Reenactment) § 11–1–6, as enacted by P.L. 1975, ch. 283, § 2, to a permissible two-year sentence. Tassone contends that as he was not

present at the postconviction-relief hearing and as his counsel was not permitted to address the sentencing issue directly, he is entitled to a rehearing.

In 1973, Tassone (then a defendant) and three other defendants were tried and convicted of conspiring to corrupt horse trainers at Lincoln Downs racetrack in violation of G.L. 1956 (1969 Reenactment) § 11–7–9. Tassone was sentenced, as the other defendants had been earlier, to serve five years at the Adult Correctional Institutions (ACI). The sentence was to run consecutively with one Tassone was already serving in New Jersey for a criminal conviction on another charge in that state. After Tassone's Rhode Island sentence was imposed, he was returned to New Jersey.

Tassone and the other three defendants appealed their conspiracy convictions, and their sentences were stayed pending the outcome of these appeals. Because Tassone's sentence was stayed, the trial justice deemed it appropriate to delete any reference to the fact that Tassone's sentence was being served *consecutively* with his sentence in New Jersey. In *State v. Ciulla*, 115 R.I. 558, 351 A.2d 580 (1976), this court affirmed the conspiracy convictions of the four defendants.

The four defendants had been sentenced under the authority of G.L. 1956 (1969 Reenactment) § 11–1–1, which provided that every offense at common law (in this case, conspiracy) was punishable by a prison term not to exceed ten years or a fine not to exceed $5,000. While the defendants' appeals in *State v. Ciulla*, 115 R.I. 558, 351 A.2d 580 (1976), were pending, however, the Legislature at its January 1975 session enacted § 11–1–6, which provided in part that any person convicted of conspiring to commit a crime would be subject to the same fine and imprisonment as that which applied to the substantive offense, as long as no imprisonment for conspiracy exceeded ten years. In the case of the defendants, the substantive offense underlying their conspiracy, i. e., corruption of a sports participant or official, as defined in § 11–7–9, carried a maximum penalty of two years' imprisonment or a fine of $1,000, or both.

Accordingly, on May 10, 1976, one of Tassone's codefendants, Salvatore Macarelli, filed a motion to reduce sentence pursuant to Super.R.Crim.P. 35, alleging that his sentence should be reduced to two years' imprisonment pursuant to the newly enacted statute. Macarelli's motion was denied and he filed a petition for a writ of certiorari with this court, which petition was granted in *State v. Macarelli*, 118 R.I. 693, 375 A.2d 944 (1977). In *Macarelli*, this court held that a judgment of conviction was not final so long as the case was pending on appeal and that all those cases which had not been reduced to final judgment prior to the enactment of § 11–1–6 should be accorded the more lenient treatment.

On August 22, 1977, a month after this court's decision in *Macarelli*, Tassone filed an application for postconviction-relief pursuant to G.L. 1956 (1969 Reenactment) § 10–9.1–1(a)(3), as enacted by P.L. 1974, ch. 220 § 3, alleging that his five-year sentence exceeded the maximum sentence authorized by law. His application sought to vacate the sentence previously imposed. Tassone's attorney had previously filed a motion, which was granted August 11, 1977, directing the Superior Court clerk to request authorities in New Jersey to deliver Tassone to Rhode Island so that he could attend the postconviction-relief hearing.

The record also indicates that in August there was activity on codefendants' motions to reduce sentence pursuant to Super.R. Crim.P. 35. One codefendant was resentenced to two years at the ACI, another to eighteen months at the ACI, and a third received a suspended sentence.

On September 7, 1977, the state filed an answer to Tassone's application for postconviction-relief contending that vacating the initial sentence was not the appropriate remedy and requesting that Tassone's five-year sentence merely be reduced. The state also filed a motion to vacate the prior order compelling rendition of Tassone to Rhode Island. On September 15, 1977, an order was entered by the Superior Court that Tassone be brought from New Jersey

to Rhode Island for the postconviction-relief hearing.

In October, the New Jersey prison authorities stated that there was no procedural method for returning Tassone to Rhode Island until he had finished serving his New Jersey prison term. In light of this information, the Superior Court justice informed Tassone's attorney that he had no objection to a hearing conducted without Tassone "on the issue of the new sentence which must be imposed." The trial justice also indicated that Tassone's attorney could present such information as appropriate "for the purpose of attempting to convince the court that a sentence of less than two years should be imposed.

A hearing was held on March 17, 1978, at which Tassone's attorney objected to the absence of his client. As a result of this hearing, an amended judgment was entered sentencing Tassone to two years at the ACI to be served upon release from the sentence being served in New Jersey.

Tassone is appealing this amended judgment on the basis that (1) he was resentenced by the trial justice without being present and thus was deprived of his right to speak on his own behalf as guaranteed by the R.I. Const. art. I, sec. 10 and Super. R. Crim. P. 32(a)(1), and (2) that his counsel was denied an opportunity to speak on his behalf in violation of Super. R. Crim. P. 32(a)(1).

The state, on the other hand, contends that the hearing was not a resentencing but rather a reduction of a sentence or alternatively, a correction of an illegal sentence to which the above procedural due-process rights are inapplicable.

We see no necessity for considering the various contentions now before us. It is obvious that the drafters of the criminal rules never envisioned the principles enunciated in *Macarelli*. Rule 35 of Super. R. Crim. P.[1] authorizes the vacating of an illegal sentence at any time and the reduction of any sentence as long as the reduction is made within 120 days after the judgment of conviction has become final. There is no question that the punishment meted out in 1973 was not in excess of that prescribed by statute and also that 120 days had long expired when Tassone commenced this postconviction proceeding. We are also cognizant that there is some authority which holds that postconviction relief is to be directed solely to issues relating to the validity of the original judgment. *Wilson v. State*, 39 Md.App. 113, 383 A.2d 77 (1978), *rev'd on other grounds*, 284 Md. 664, 399 A.2d 256 (1979). Again, there are several decisions which indicate that once the right of allocution has been granted on the day of sentencing, there is no necessity to repeat the process in subsequent proceedings pertaining to the same judgment. *People v. Webb*, 31 App.Div.2d 754, 297 N.Y.S.2d 499 (1969).

Having demonstrated the dilemma faced by one who wishes to take advantage of *Macarelli*, we believe that the dilemma will best be resolved in this case and in all subsequent cases by the defendant's filing a motion asking that the original sentence be vacated and a new sentence imposed. At a subsequent hearing on the motion, the defendant shall have the right to appear personally before the trial justice and to list those factors that he or she believes would justify an appropriate sentence under the amended statute. Applying this procedure

1. Rule 35 of Super. R. Crim. P. provides as follows:

    "The court may correct an illegal sentence at any time. The court may correct a sentence imposed in an illegal manner and it may reduce any sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after receipt by the court of a mandate or order of the Supreme Court of the United States issued upon affirmance of the judgment, dismissal of the appeal, or denial of a writ of certiorari. The court may reduce a sentence, the execution of which has been suspended, upon revocation of probation."

to Tassone,[2] the trial justice shall consider Tassone's application for postconviction relief as a motion for reduction in sentence, and a hearing shall be held in accordance with the procedure above set forth.

Tassone's appeal is sustained pro forma, and the case is remanded to the Superior Court for further proceedings.

---

2. In this jurisdiction applications for postconviction relief are civil in nature. *Palmigiano v. Mullen*, R.I., 377 A.2d 242 (1977). Tassone's application was filed within the conspiracy indictment, whereas it should have been filed as a Superior Court civil action.