STATE

v.

Anthony TASSONE.

No. 80–13–C.A.

Supreme Court of Rhode Island.

July 3, 1981.

Dennis J. Roberts, II, Atty. Gen., Joel S. Chase, Sp. Asst. Atty. Gen., for plaintiff.

John F. Cicilline, Providence, for defendant.

OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the defendant, Anthony Tassone, from a Superior Court justice's denial of his "motion to secure release."

On September 18, 1973, defendant was convicted of conspiring to corrupt horse trainers in violation of General Laws 1956 (1969 Reenactment) § 11–7–9,[1] and he was sentenced to a term of five years pursuant to General Laws 1956 (1969 Reenactment) § 11–1–1. The defendant's sentence was to be consecutive to a five-month sentence he was then serving in New Jersey. The defendant, however, appealed his Rhode Island conviction to this court and the imposition of his five-year sentence was stayed pending the outcome of that appeal.

Several significant events occurred during the period in which defendant's five-year sentence was stayed. In October of 1973, defendant completed his five-month New Jersey sentence, but because the stay of his Rhode Island sentence was in effect, he was not required to begin serving his Rhode Island sentence. In July of 1974, defendant was sentenced to a second prison term in New Jersey. While he was serving his second sentence, the Rhode Island General Assembly in January 1975 passed General Laws 1956 (1969 Reenactment) § 11–1–6.[2] Subsequently, defendant completed serving his second New Jersey sentence in March of 1975, but again, because the stay granted in 1973 was still in effect, defendant was not yet required to return to Rhode Island to begin serving his sentence.

The defendant was sentenced to a third New Jersey prison term of thirty years in October of 1975. It was during this third period of incarceration that we denied defendant's original appeal, affirmed his conviction, and vacated the stay. *State v. Ciulla*, 115 R.I. 558, 351 A.2d 580 (1976).

The defendant, seeking to vacate his five-year sentence, filed a petition for postconviction relief in August of 1977. The basis for his application was the newly enacted § 11–1–6 and the successful appeal of one of his coconspirators.[3] In March of 1978, a Superior Court justice, in defendant's absence, heard this petition and vacated the five-year sentence. Pursuant to § 11–7–9, a new two-year sentence was imposed. The defendant thereupon filed a second appeal that we recently decided.[4]

On November 26, 1979, defendant, evidently released from serving his third New Jersey sentence, filed a "motion to secure release" in the Rhode Island Superior Court. The defendant's motion to secure release was denied but his motion for bail was granted. The defendant's present appeal is based upon the denial of this "motion to secure release."[5]

The sole issue before us is whether or not defendant's original five-year sentence was enhanced by its effective reduction to two

1. A more detailed factual outline of the events leading up to defendant's conviction can be found in both *State v. Tassone*, 417 A.2d 323 (R.I.1980), and *State v. Ciulla*, 115 R.I. 558, 351 A.2d 580 (1976).

2. General Laws 1956 (1969 Reenactment) § 11–1–6, as enacted by P.L.1975, ch. 283, § 2, specifies that the sentence a defendant receives for conspiring to commit a given crime cannot be greater than the sentence he would receive for actually committing the underlying substantive crime.

3. One of defendant's accomplices had filed a motion to reduce sentence pursuant to Super.R. Crim.P. 35, alleging that the maximum sentence permissible under the newly enacted § 11–1–6 was two years' imprisonment. On appeal from a denial of the motion, this court determined that a judgment of conviction was not final so long as the case was pending on appeal and further that all cases that had not been reduced to final judgment prior to the enactment of § 11–1–6 "should be accorded the more lenient treatment provided therein." *State v. Macarelli*, 118 R.I. 693, 699, 375 A.2d 944, 947 (1977). Accordingly, defendant in the instant case filed an application for postconviction relief pursuant to G.L.1956 (1969 Reenactment) § 10–9.1–1(a)(3), as enacted by P.L.1974, ch. 220, § 3.

4. *State v. Tassone*, 417 A.2d 323 (R.I.1980). In *Tassone*, we determined that in view of G.L. 1956 (1969 Reenactment) § 11–1–6, defendant's five-year sentence was improper and that he was entitled to have it reduced. *Id.* 417 A.2d at 325. Thus, we ordered that defendant's original sentence be vacated, that a hearing be conducted in defendant's presence, and that an appropriate new sentence be imposed under the amended statute. *Id.*

5. Although questions have been raised about whether or not this case is properly before us, we shall decide the issues raised in order to avoid future delays.

years under a separate statute or by the fact that this modified sentence was to be consecutive to the most recent New Jersey sentence being served by defendant.

Because his original five-year sentence was only one-half of the maximum sentence permissible under § 11–1–1, defendant contends that he should not have received the maximum two-year sentence under § 11–7–9. The defendant argues that the imposition of the maximum sentence under § 11–7–9 effectively amounted to an unconstitutional enhancement of his original sentence. Additionally, defendant argues that the amended sentence imposed in 1978 further extended the actual time defendant would need to be incarcerated.

The state argues that defendant's contention that his original sentence had been enhanced is without merit because the amended sentence had actually reduced the original sentence. Moreover, the state contends that sentences imposed by two different states run consecutively. The sentence served in the first state must be completed and the defendant must be physically in the custody of the second state before his second sentence can commence. Thus, the amended sentence did not effectively extend defendant's term of incarceration.

■ General Laws 1956 (1969 Reenactment) § 11–1–1 is an "umbrella" statute with provisions for a ten-year maximum sentence. This statute, however, does not specifically address conspiracy, but rather, applies to all common-law offenses not covered by statute. It is therefore impossible to determine if the original sentencing justice in fact believed that defendant merited only one-half of a full sentence or if he determined that a five-year sentence was in fact a full sentence for the specific crime of conspiracy. Even if a less-than-maximum sentence were imposed upon defendant under a more specific statute, we would require absolute proof in the record that the trial justice would have reduced the maximum sentence permitted under § 11–7–9 accordingly. In view of the facts and circumstances of this case, it is presumptuous to contend that defendant's five-year sentence was anything more than a specific term of years.

■ Viewed properly as a specific term of years, the effective 60-percent reduction of defendant's sentence was neither an effective enhancement of defendant's sentence nor was it detrimental to him. The facts we have before us are readily distinguishable from the facts of those cases defendant cites to support his argument. The defendant's cases all involve sentences that were *actually increased*. However, in this case, the sentence was *actually decreased*. We therefore find that the reduction of defendant's sentence from five years to two years did not amount to an enhancement of the original sentence.

In addressing defendant's additional argument regarding sentence extension, we note that the original five-year sentence and the modified two-year sentence were both imposed consecutively to any other sentence defendant was then serving. The defendant argues that because the trial justice ordered the original sentence to be consecutive to a five-month New Jersey sentence that defendant completed in 1973, the trial justice was without power to make the modified two-year sentence consecutive to a different New Jersey sentence defendant was serving in 1978. Furthermore, defendant contends that in any event, his incarceration in New Jersey since 1973 should be credited toward his Rhode Island sentence. We find this contention to be without merit.

■ The defendant at his request was granted a stay of his original five-year Rhode Island sentence pending appeal. Subsequently, his appeal was denied and the sentence was affirmed by this court on January 21, 1976, or approximately three months after his third New Jersey sentence had commenced. *See State v. Ciulla*, 115 R.I. 558, 351 A.2d 580 (1976). Since defendant voluntarily appealed his original sentence and received a stay, he cannot receive any credit for his New Jersey incarceration during the period of the stay.

We note that the federal courts have generally held that a defendant's sentence does not commence until he is physically present at the incarceration facilities. *See Pugliese v. United States*, 353 F.2d 514, 516–17 (1st Cir. 1965) (*citing Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963)); *McIntosh v. Looney*, 249 F.2d 62 (10th Cir. 1957); *Harrell v. Shuttleworth*, 200 F.2d 490 (5th Cir. 1952). We are in full agreement with this view, which we find to be both logical and rational. The defendant's Rhode Island stay was removed when he was still incarcerated in New Jersey. Hence the defendant's Rhode Island sentence could commence only at a time when his New Jersey incarceration had terminated *and* he was physically present at the Adult Correctional Institutions of Rhode Island. Therefore, in light of the facts surrounding this case, the imposition of a reduced Rhode Island sentence, intended to run consecutively with any sentence then being served, did not enhance the defendant's sentence.

The defendant's appeal is denied and dismissed, and the case is remanded to the Superior Court.

SHEA, J., did not participate.