JOHN PRESTON POFF *v.* DIRECTOR,
PATUXENT INSTITUTION

[No. 123, September Term, 1969.]

*Decided December 2, 1969.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH,
and THOMPSON, JJ.

*John Preston Poff pro se.*

*Francis B. Burch, Attorney General,* and *Arthur A. Marshall, State's Attorney for Prince George's County,* for respondent.

THOMPSON, J., delivered the opinion of the Court.

This is John Preston' Poff's application for leave to appeal from an order filed by Judge William B. Bowie presiding in the Circuit Court for Prince George's County, denying relief sought by applicant's first petition under the Uniform Post Conviction Procedure Act. Poff was convicted of grand larceny and breaking and entering with intent to steal. Poff contends:

"A. The oath is unconstitutional.
"B. The indictment against me was not a true bill.
"C. My attorney refused to call four (4) witnesses who could testify in my behalf.
"D. The complaining witness perjured himself —Mohammed Saleh."

In his contention concerning the constitutionality of the oath, applicant does not state what oath he is referring to, what part of it is unconstitutional, on what grounds it is unconstitutional, nor to whom the oath applies. This contention must be dismissed as a bald allegation. *Ross v. Warden,* 1 Md. App. 46, 227 A. 2d 42.

In his second allegation, applicant contends the indictment was defective because it gave the name "Mohammed Saleh" when that name was not the real name of the witness; the witness's real name appears to be "Wilson." This contention is not a ground for relief since objections based on defects in the indictment, other than the indictment failing to show jurisdiction of the court or to charge an offense, must be raised by motion before trial or they are waived. See Rule 725 (b) and *Williams v. Director,* 4 Md. App. 721, 245 A. 2d 105.

In his third contention, applicant claims that four witnesses were not called in his behalf. This contention may

be construed either as questioning his counsel's trial tactics or competency. Under either construction, the contention lacks merit. Trial tactics are not grounds for post conviction relief. *McCoy v. Warden,* 1 Md. App. 108, 227 A. 2d 375. Judge Bowie found the applicant was competently represented by a respected member of the bar. At the factual hearing, applicant's trial counsel was questioned as to his reasons for not calling each of the four witnesses and the hearing judge was satisfied with these reasons. In the application for appeal no reason is given to disturb the finding. See *Creswell v. Director,* 2 Md. App. 142, 233 A. 2d 375.

Lastly applicant contends that Mohammed Saleh perjured himself when he said that he was "born with" the name Mohammed Saleh. Assuming this contention is true, it is immaterial to applicant's rights whether Mohammed Saleh was given that name at birth or assumed it sometime later. In *Romans v. State,* 178 Md. 588, 597, 16 A. 2d 642, *cert. den.* 312 U. S. 695, 61 S. Ct. 732, 85 L. Ed. 1131 the Court said:

> "If there is no statute to the contrary, a person may adopt any name by which he may become known, and by which he may transact business and execute contracts and sue or be sued. . . . Hence, if a person adopt or assume a name whereby he becomes known, so that the adopted or assumed name is sufficient for his identification, he may be prosecuted in his adopted or assumed name. . . ."

We perceive no reason why a similar rule should not apply to the victim of a crime or to a witness thereto. The false testimony, if any, did not relate to a material fact and, therefore, did not constitute perjury. *Brown v. State,* 225 Md. 610, 171 A. 2d 456.

*Application denied.*