722 A.2d 428

**Michael Anthony PALMISANO**

v.

**STATE of Maryland.**

**No. 454, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

Jan. 6, 1999.

Geraldine K. Sweeney, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Celia Anderson Davis, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Christian J. Jensen, State's Atty. for Caroline County, Denton, on the brief), for appellee.

Argued before MURPHY, C.J., and EYLER and SONNER, JJ.

EYLER, Judge.

Michael Anthony Palmisano, appellant, was convicted by a jury in the Circuit Court for Caroline County of perjury and sentenced to prison for ten years, to be served consecutively to a sentence he was then serving. The sole question presented on appeal is whether the evidence was sufficient to sustain the conviction. In answering that question, we are called upon, for the first time, to construe the statute dealing with perjury by conflicting statements, Md.Code (1957, 1996 Repl. Vol.), Art. 27, § 437. We conclude the evidence was insufficient and reverse the judgment of the trial court.

## Facts

On June 28, 1996, appellant entered a guilty plea in the Circuit Court for Caroline County to a charge of felony theft. The court sentenced appellant to prison for five years and ordered him to make restitution. Before the presiding Judge, the Honorable J. Owen Wise, accepted appellant's guilty plea, appellant was sworn and the following occurred:

[THE COURT]: Are you under the influence of any alcohol, drugs, or medications now?

[APPELLANT]: Medication, yes, sir.

[THE COURT]: Do they affect your ability to know what's going on around you?

[APPELLANT]: No, sir.

Appellant subsequently filed a petition for post conviction relief,[1] which was denied after a hearing before the Honorable

---

1. The parties agree that this hearing was held on November 19, 1997. The record contains a partial transcript of these proceedings, dated "Monday, November 10, 1997."

Dexter Thompson in the Circuit Court for Caroline County. At that hearing, appellant was again properly sworn and the following occurred:

[THE PROSECUTOR]: Didn't Judge Wise ask you on the day that he took your plea, whether you were under the influence of drugs or alcohol?

[APPELLANT]: Yes he did.

[THE PROSECUTOR]: And what was your answer?

[APPELLANT]: No.

[THE PROSECUTOR]: And you're telling us today that you were?

[APPELLANT]: Yes.

[THE PROSECUTOR]: So you perjured yourself on that day is that correct?

[APPELLANT]: Yes I did.

On the same day as that hearing, appellant was charged with perjury by making conflicting statements under Article 27, section 437.

At the subsequent perjury trial on April 9, 1998, the Honorable Robert L. Karwacki presiding, the State introduced a transcript from the guilty plea hearing and a partial transcript of the post conviction proceeding containing appellant's testimony. Judge Wise then testified for the State, as follows:

[THE PROSECUTOR]: Now, Judge Wise, if someone was to give you an affirmative answer to that question, in other words, that they were under the influence of alcohol, drugs or medications, what affect would that have on the taking of the guilty plea at that time?

[JUDGE WISE]: It would either suspend it or divert it. It would cause me to ask further questions, how recent, what had you consumed, what substances, were they prescription, what affect. If they're in jail I would check with the custodian to find out if they, you know, displayed any signs of incompetency or not being aware of their surroundings. If they were not in custody I would probably have

them examined, given a breathalyzer test, some diversion from the standard procedure.

[THE PROSECUTOR]: Specifically if someone was to answer that question by telling you that indeed they were under the influence of alcohol at that very moment at the time of the taking of the guilty plea, what would be your response?

[JUDGE WISE]: I would probably suspend the proceedings and not proceed until I was satisfied that they had regained their sobriety.

. . . .

[THE PROSECUTOR]: Judge Wise, if you were to have found out that Mr. Palmisano in fact gave a false answer, that in fact he was under the influence of alcohol at the time you asked him that question on June 28 of 1996, would that have materially affected the outcome of the proceedings on that day?

. . . .

[JUDGE WISE]: It may have affected it if in turn the alcohol was affecting him to some degree. It would have generated probably an inquiry to his attorney by me, did you know about this or what do you know about it.

On re-cross examination, appellant's counsel inquired as follows:

[DEFENSE COUNSEL]: Actually Your Honor, he's never told you anything whether he was sober or not sober, he's just silent on that issue.

[JUDGE WISE]: As far as I'm concerned, by not saying he was drunk, he was telling me he was sober. When I asked him the question, he didn't . . . he selected the answer, I'm under medications, that led me to believe as it would I think most people that that meant the answer was no to drugs or alcohol.

The State offered no other evidence.

Appellant made a motion for judgment of acquittal at the close of the State's case. Counsel for appellant asserted in

part, "I don't think silence can lead to perjury. I think perjury has to be [an] affirmative statement of some sort." Appellant's motion was denied. Appellant did not thereafter take the stand or put on any affirmative evidence. A jury found him guilty of perjury, and he received the maximum ten-year sentence.

## Discussion

Appellant's sole argument is that the evidence supporting his perjury conviction was insufficient because the two sworn statements introduced during his trial for perjury were "not necessarily contradictory in any material way." Appellant focuses on the testimony at his plea hearing and explains that he gave an incomplete answer at the plea hearing that did not exclude the possibility that he was under the influence of alcohol at that time. Appellant also states that it is immaterial whether he was under the influence of alcohol because simply being under the influence of alcohol, without more, would not have affected the validity of his plea. The necessary implication of this is that appellant did not lie about the clearly material issue—whether his ability to enter a knowing and voluntary plea was impaired by his consumption of alcohol.

The State argues that we are bound to view the evidence at the trial in the light most favorable to the State. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Branch v. State,* 305 Md. 177, 182–83, 502 A.2d 496 (1986). Judge Wise had asked appellant, "Are you under the influence of any alcohol, drugs, or medications now," and the Judge had testified thereafter that he understood appellant's answer, "Medication, yes, sir," to mean "no to drugs or alcohol." The State suggests that the jury was entitled to accept Judge Wise's interpretation of appellant's answer at the plea hearing. Accordingly, the State would have us arrive at the conclusion that, viewing the evidence in its favor, appellant in effect answered "no" at his plea hearing to being under the influence of alcohol. The State also argues that Judge Wise's testimony at the perjury trial was sufficient to permit the jury

to conclude that appellant's statement was material. We conclude that appellant did not make statements that necessarily contradicted each other, and reverse the judgment of the trial court on this basis. In doing so, we do not mean to imply that prosecution under the relevant statute should not be pursued when justified. We hold only that the evidence offered and received in this case was legally insufficient.

## I.  Contradictory Statements Statute

Appellant was charged under a statutory definition of perjury that, while encompassing some elements of common law perjury, permits the State to prove that one of two statements made under oath was false, without having to specify which one. The statute, Article 27, Section 437, entitled, "Contradictory statements," provides:

Any person who shall make oath or affirmation to two contradictory statements, each of them in one of the cases enumerated in § 435 and in either case shall make oath or affirmation wilfully and falsely, shall be deemed guilty of perjury; and to sustain an indictment under this section it shall be sufficient to allege and prove that one of the said two contradictory statements is or must be false and wilful, without specifying which one.

Md.Code (1957, 1996 Repl.Vol.), Art. 27 § 437. This statute makes reference to section 435 of the Code, the primary perjury statute, which provides in part, "An oath or affirmation, if made wilfully and falsely in any of the following cases, shall be deemed perjury: First, in all cases where false swearing would be perjury at common law...."

The statements at issue here were each given under oath in proceedings before the Circuit Court for Caroline County; thus, they would satisfy the oath requirement of the first "case" in section 435 above, the requirement of an oath at common law. See Smith v. State, 51 Md.App. 408, 418–19, 443 A.2d 985 (1982). We also note that the requirements embodied in the terms "wilfully" and "falsely" appear in both statutes and are identical. Appellant does not contest the sufficiency of proof as to the above elements on appeal. On the

element of wilfulness in a perjury conviction resting on conflicting statements, Professors Perkins and Boyce provide the following:

> Because of the requirement that the untrue testimony be wilfully and corruptly false, a conviction of perjury cannot rest upon the mere fact that a witness testified differently on different occasions. If on the first occasion he testified according to his honest belief he did not commit perjury however mistaken he may have been. If he discovered his mistake before he testified on the matter again he was bound to state the facts as he then knew them to be. It would have been perjury for him to have repeated his former statement under oath after learning of its inaccuracy. At common law, it may be added, a conviction of perjury could not be based upon two contradictory sworn statements, even if one was obviously intentionally false, unless it could be established which one this was,—a rule sometimes, and very wisely, changed by statute. Generally, it has been said, a belief as to the falsity of testimony may be inferred by the jury from proof of the falsity itself.

Rollin M. Perkins & Ronald N. Boyce, *Criminal Law*, Ch. 5, § 3, at 518–19 (3 rd ed.1982) (footnotes and internal quotation marks omitted).

We have noted in the past, with quotation from Professor Perkins's work, that "[a] wrongful intent is an essential ingredient of [perjury]." *State v. Levitt,* 48 Md.App. 1, 10 n. 6, 426 A.2d 383 (1981) (quoting Rollin M. Perkins, *Criminal Law,* Ch. 5, § 3, at 460 (2 nd ed.1969)). While, in the crime of contradictory statements, the State need not prove which statement is false, and therefore need not prove which statement was made with a "wrongful" intent, the statute requires that the State prove one of the two statements "is or must be false and wilful, without specifying which one." If the State elects to prove that any one of the two statements "must be" both false and wilful, the State must prove that both statements were made wilfully. *See* Part III, *infra.*

This is not the sum total, however, of what the State must prove to establish wilfulness as to any one of two statements under the statute. As professors Perkins and Boyce note above with respect to a defendant who comes to realize he has made an honest mistake in his initial testimony, the circumstances surrounding the making of the statements may render even wilfully made conflicting statements non-perjurious. It is apparent, therefore, that the State must address in some way the knowledge and intent of the defendant in making both statements.

Of the requirement of a wrongful intent, or wilfulness, in the crime of perjury, the Court of Appeals has stated that "the false oath must be deliberate and not the result of surprise, confusion or bona fide mistake." *State v. Devers*, 260 Md. 360, 372, 272 A.2d 794 (1971) (citing *Brown v. State*, 225 Md. 610, 171 A.2d 456 (1961)), *overruled on other grounds by In re Petition for Writ of Prohibition*, 312 Md. 280, 539 A.2d 664 (1988). This principle suggests possible defenses to a traditional perjury action, where the alleged perjurious statement is identified. When a single, identified statement is the focus of charges of perjury, normally, "a belief as to the falsity of testimony may be inferred by the jury from proof of the falsity itself." *Levitt*, 48 Md.App. at 10 n. 6, 426 A.2d 383 (quoting Perkins, *supra*, Ch. 5, § 3, at 461). When the allegedly false statement need not be identified, however, no such inference can be permitted, and instead the State must establish to the satisfaction of the factfinder that each statement was deliberately made, *i.e.*, not the result of surprise, confusion, or a bona fide mistake as to its veracity. This must be done in satisfaction of the element of wilfulness.

■ We accept the proposition that in the crime of contradictory statements under section 437, where the proof focuses on one of two statements made by the defendant, a jury normally may infer wrongful intent from proof of the falsity of that statement, subject to a defense that the statement was not deliberately made but was the result of surprise, confusion, or bona fide mistake. In the case at bar, however, were

it necessary to reach this element of the offense, we would require affirmative evidence that both statements were deliberately made. Such evidence is particularly crucial in the fact situation before us, where the central dispute relates to appellant's state of sobriety during his initial testimony.

## II. Materiality

The broader perjury statute, section 435, also adopts the common law requirement that the statement at issue be material. *See State v. Levitt*, 48 Md.App. 1, 12–13, 426 A.2d 383 (1981). Sections 435 and 437, and the common law of perjury in Maryland, are *in pari materia*, and must be construed together and harmonized. *See Levitt*, 48 Md.App. at 11–13, 426 A.2d 383. It would be an absurd deviation from the common law foundation of perjury to sustain perjury convictions based on immaterial statements. Thus, the principles of statutory construction and logic command that a requirement of materiality also be read into the "contradictory statements" statute.

Though a requirement of materiality is a part of both the statutory and common law of perjury in Maryland, the standard of materiality in the crime of perjury apparently has escaped precise definition in Maryland case law. *Wharton's Criminal Law*, provides the following: "The most common test of materiality is whether the false testimony could have affected 'the course or outcome' of the proceeding. Superfluous or otherwise unnecessary testimony, though false, does not constitute perjury." 4 Charles E. Torcia, *Wharton's Criminal Law* § 591, at 313–19 (15 th ed.1996) (footnote omitted). Professors Perkins and Boyce provide, "Materiality need not concern the main point at issue, the only requirement being that the testimony could have properly influenced the tribunal hearing the case." Rollin M. Perkins & Ronald N. Boyce, *Criminal Law*, Ch. 5, § 3, at 519 (3 rd ed.1982) (footnote omitted).

Maryland decisions seem to be consistent with the above perception that a statement *capable* of affecting the course or

outcome of the proceeding or the decisionmaking of the court is a material statement for the crime of perjury.[2] In *Oaks v. State,* 83 Md.App. 1, 573 A.2d 392 (1990), Nathaniel Oaks, a member of the House of Delegates of the Maryland General Assembly, appealed a conviction of perjury based on his action in signing and filing a false campaign fund report. *Oaks,* 83 Md.App. at 6–7, 573 A.2d 392. We determined that under the applicable law, only the chairman and treasurer of Oaks's campaign committee were required to verify and file the report. *Id.* As a consequence, Oaks's statement, embodied by the report, was not material under either the statute or common law of perjury—in effect, it was legally superfluous. *See id.* at 7, 573 A.2d 392. *See also Poff v. Director,* 8 Md.App. 240, 242, 259 A.2d 95 (1969) (denying petition for post conviction relief in part because allegation that complaining witness had stated a false birth name at trial "did not relate to a material fact," since, in the absence of a statute to the contrary, a person may adopt any name and give adopted name in judicial proceedings).

It is clear that the subject of appellant's sobriety during his plea hearing bore on a material issue within the context of that hearing. Judge Wise did not testify at the perjury trial that, if the defendant had been under the influence of alcohol when he gave his guilty plea, the plea necessarily would have been a nullity. On the issue of materiality, however, Judge Wise testified that a defendant's admission that he is under the influence of alcohol would "suspend . . . or divert" a plea hearing, prompting more questions to investigate the nature and extent of the defendant's impairment. Judge Wise further testified that if, after inquiry, it were established that

---

**2.** Such a standard differs from other standards of materiality applied by Maryland courts, such as the standard used to determine whether the State's failure to disclose *Brady* material warrants overturning a conviction on appeal. In applying this standard, the Court of Appeals inquires whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *State v. Thomas,* 325 Md. 160, 190, 599 A.2d 1171 (1992) (quoting *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)).

appellant could not proceed with the plea hearing, it would at a minimum produce a delay in taking the plea. The proceedings of that day could, in turn, have concluded in a postponement. In short, appellant's state of sobriety could have affected his ability to give a voluntary plea, and was therefore a potentially material issue in a subsequent perjury trial.

### III. Manner of Proof in the Present Case

█ The crime of "contradictory statements" under section 437, like the crime of perjury under section 435, involves a wilful and false statement, about a material matter, that satisfies the statutory oath requirement. It is apparent from the operation of the contradictory statements statute, however, that if the State elects to prove that one of the two statements "must be" false and wilful, without establishing which one, *both* statements must be proven wilful and material, and the oath requirement must be satisfied as to both. The State is free under the statute to establish that a particular statement, one of two contradictory statements, was made wilfully and falsely, so long as the remaining elements are satisfied as to that statement. But in the case at bar, the State elected not to establish which of the two statements was false. In this event, all of the remaining elements must exist as to both statements. With this foundation, we now turn to the contradictory nature of the statements.

### IV. The Contradictory Nature of the Statements

█ We are unable to ignore the fact that appellant did not answer "no" at his plea hearing to being under the influence of alcohol, and was not asked a follow up question that might have produced a clear statement by appellant as to his state of sobriety.[3] We also decline the State's invitation to

---

**3.** As we mention above, counsel for appellant argued below in the motion for judgment of acquittal that he did not think perjury could be based on "silence," and that an "affirmative statement" would be required. These statements preserved the issue of whether the evidence below was sufficient for the jury to conclude that appellant's statements were contradictory. This issue was also addressed at oral argument

view any ambiguity in the statement in its favor. The two statements that formed the basis for the charges below are simply not literally contradictory, as we hold they must be in order to sustain a conviction under the statute.

In *Bronston v. United States*, 409 U.S. 352, 93 S.Ct. 595, 34 L.Ed.2d 568 (1973), the Supreme Court granted certiorari to consider whether, under the general federal perjury statute, "a witness may be convicted of perjury for an answer, under oath, that is literally true but not responsive to the question asked and arguably misleading by negative implication." *Bronston*, 409 U.S. at 352–53, 93 S.Ct. 595. The case involved testimony taken at a bankruptcy hearing held to determine the extent and location of the assets of a company that had petitioned for bankruptcy under Chapter XI of the Bankruptcy Act. *Id.* at 353, 93 S.Ct. 595. The company had done business throughout Europe, and had opened several bank accounts in European countries to support its operations. *Id.* The petitioner, as sole owner of the company, testified regarding the location of accounts held by both the company and by petitioner, personally. *Id.* at 354, 93 S.Ct. 595. During the hearing, an attorney for a creditor of the company questioned the petitioner as follows:

Q. Do you have any bank accounts in Swiss banks, Mr. Bronston?

A. No, sir.

Q. Have you ever?

A. The company had an account there for about six months, in Zurich.

Q. Have you any nominees who have bank accounts in Swiss banks?

A. No, sir.

Q. Have you ever?

---

before this Court. To the extent that the briefs focus on materiality and not the contradictory nature of the statements, we exercise our discretion under Rule 8–131(a) to reach and decide the latter issue. *See Braxton v. State*, 123 Md.App. 599, 632–34, 720 A.2d 27 (1998).

A. No, sir.

*Id.* Before the Supreme Court, it was undisputed that petitioner had maintained a personal bank account in Switzerland for nearly five years, but it was also undisputed that his above statements during the hearing were literally true. *Id.* Petitioner had been convicted of perjury in a federal district court on the theory that though his answer to the second question above was literally true, it was unresponsive and implied a negative answer—that he had no personal accounts in Switzerland during the relevant period. *Id.* at 355, 93 S.Ct. 595.

The Supreme Court reversed, reasoning:

There is, indeed, an implication in the answer to the second question that there was never a personal bank account; in casual conversation this interpretation might reasonably be drawn. But we are not dealing with casual conversation and the statute does not make it a criminal act for a witness to wilfully state any material matter that implies any material matter that he does not believe to be true.

*Id.* at 357–58, 93 S.Ct. 595. The Court added: "Under the pressures and tensions of interrogation, it is not uncommon for the most earnest witness to give answers that are not entirely responsive." *Id.* at 358, 93 S.Ct. 595. The Court concluded that, "[p]recise questioning is imperative as a predicate for the offense of perjury." *Id.* at 362, 93 S.Ct. 595.

We find *Bronston* highly instructive in the case at bar, and adopt its standard of precision. We hold that to sustain the crime of contradictory statements under section 437, the State must prove a literal contradiction between two statements made or adopted by the defendant.

In the present case, appellant was asked at the plea hearing, "Are you under the influence of any alcohol, drugs, or medications now?" His answer, "Medication, yes, sir," was not entirely responsive, saying nothing about alcohol consumption. The judge asked no further question at the plea hearing regarding alcohol consumption. Appellant therefore did not contradict this statement by claiming at his post conviction hearing that he was under the influence of alcohol at his plea

hearing. Appellant's subsequent statement at his plea hearing that "they" did not affect his ability to know what was going on around him, aside from being ambiguous in meaning, was not the subject of questioning at appellant's post conviction hearing. Furthermore, appellant's legal conclusion that he had perjured himself at his plea hearing does not affect our determination that his statements were not contradictory.

We therefore find the evidence legally insufficient to convict appellant of perjury by contradictory statements.

**JUDGMENT REVERSED. COSTS TO BE PAID BY CAROLINE COUNTY.**